JOHNSON v. SANTA FE TRAIL TRANSPORTATION CO.

No. 33989.   April 15, 1952.

Rehearing Denied May 20, 1952.

*244 P. 2d 576.*

■■■■■■■■■■

Forrester Brewster, Muskogee, for plaintiff in error.

Banker & Bonds, Muskogee, for defendant in error.

HALLEY, V. C. J. Inasmuch as the parties occupy the same positions here as in the trial court, they will be referred to in the same manner.

The plaintiff was a passenger for hire on defendant's bus on November 2, 1947, which bus was en route to Muskogee from Fort Gibson on U. S. Highway 62. An accident occurred at the intersection of Highway 62, a paved highway, and Riverside Road, which is graveled at the point where the accident happened. This intersection is approximately 800 feet west of the Arkansas River Bridge. The highway, as it leaves the west end of the bridge, makes an S curve. The vision of the bus driver was unobstructed for approximately 780 feet back from the intersection of Riverside Road and Highway 62. The evidence showed that the bus, as it left the bridge, was traveling about 50 miles per hour. An automobile facing the west had stalled and a second automobile had driven in behind it, and both automobiles, as they started to move, were headed west. These automobiles moved a short distance to the west and the lead automobile was turned to the left. The two automobiles were being operated by drivers immediately prior to the accident. Both testified that they looked to the east at the time the cars were started and the first car was being pushed across Highway 62 by the second car. That the driver of the car which was being pushed looked up and saw the bus of defendant approaching from the east and immediately applied her brakes, which stopped her car and the car that was pushing it. The front wheels of the lead car were just over the center stripe of Highway 62. The driver of the bus swerved to the left in an effort to avoid striking the automobiles, but in so doing the bus left the paved portion of the road and got over into the ditch on the south side of the highway and ran there for approximately 178 feet, finally coming to a stop against a small tree. Immediately after the bus left the pavement the plaintiff, who was sitting on the back seat of the bus, was thrown against the top of the bus and back into the seat, and was injured. The extent of his injuries is in controversy, but he proved sufficient injuries to go to the jury on the question.

The case was submitted to the jury and a verdict was returned for the defendant. The plaintiff has appealed upon the error of the trial court in giving instructions 5 and 6, which are as follows:

"Instruction No. 5.

"Further you are told that the defendant has offered evidence in this case tending to prove that the accident in question was caused entirely by the fault and conduct of third persons (Gorman and Mrs. Wilson) in suddenly pushing or driving two cars into the path of defendant's bus where such bus had the right of way in the road, and that defendant's driver was not guilty of any negligence with respect thereto.

"In this connection you are told that the uncontradicted evidence on both sides of this case shows that the defendant's bus was being driven over U. S. Highway 62 and that such bus being already in motion on the highway had the right of way over the two cars which came in from the shoulder of the road onto the slab unless you find that such cars had entered the highway appreciably in advance of the bus so as to warn the driver thereof of such entry and to enable him to avoid collision therewith.

"And now if you shall find and believe from the evidence that the driver of defendant's bus was operating the same in the exercise of due care on his part and that the accident was caused entirely by the negligence of those moving the cars referred to into the pathway of his bus, and that as a consequence thereof the accident was unavoidable as

to the defendant's driver, then your verdict should be for the defendant for the reason and on the ground of unavoidable accident and lack of negligence on the part of the driver of defendant's bus.

"Instruction No. 6.

"In connection with the matter of unavoidable accident you are told that the law does not hold a person who is faced with a sudden emergency to that same degree of judgment and presence of mind as would be required of him under ordinary circumstances giving time for calm deliberation and correct conclusion in his attempt to take care of himself under such danger; and if you find from the facts before you that the two cars operated by third persons suddenly and unexpectedly obstructed the right of way of defendant's bus and that under such condition the driver of said bus used such care and caution as an ordinarily prudent man would have had and used under the same or similar circumstances, then he would not be guilty of negligence in the premises even though it might appear under calm or deliberate reflection that he might have avoided the accident in some other way.

"If the evidence is evenly balanced on these issues so that you are unable to say to your satisfaction by the fair preponderance thereof whether the defendant's driver or who, or whether anyone was at fault in the premises, or whether said accident was unavoidable as to such driver, then your verdict should be for the defendant on account of the plaintiff's failure to sustain his burden of proof."

In our opinion, these instructions were erroneous. Instruction 5 gave the right of way to the bus. This was not justified under the facts, but should have been left to the jury under proper instructions. At the time this accident happened, the Rules of the Road found in sec. 583, Title 69, O. S. 1941, now repealed, were in force and effect. Our Uniform Traffic Code was not passed until the 1949 legislative session. There is nothing in those rules that would give the right of way to the bus over these two automobiles, which were proceeding in the same direction that the bus was going. We said in Smith v. Clark, 125 Okla. 18, 256 P. 36, that the driver of an automobile approaching another from the rear must have the machine under control to avoid injuring the car ahead, driven according to its rights. See, also, Belford v. Allen, Adm'r, 183 Okla. 256, 80 P. 2d 671. Rules 2, 4, and 6 are the only rules which we think could possibly have any connection with this accident, and they in no way give the right of way to the vehicle coming up from the rear. They are as follows:

"Rule 2. All vehicles overtaking others shall, in passing, keep to the left of the center of the road and shall not pull over to the right until entirely clear of the vehicle passed."

"Rule 4. All vehicles turning to the left into another road shall pass around the center of the intersecting road before turning."

"Rule 6. All motor vehicles before passing other vehicles from the rear shall give notice of approach by a horn or other signal before passing; provided, that said vehicle shall be required when signaled to turn to one side and give half the road."

Automobiles have the right to make left-hand turns at road intersections if they have exercised the proper care required by giving the proper signals and looking for approaching cars and taking such other precautionary measures as would be necessary under the circumstances. See 60 C. J. S., Motor Vehicles, Sec. 366.

We further think that the last paragraph of instruction 5 is erroneous in that it failed to place upon the driver of the bus the duty to exercise the utmost care, as is required by statute, and told the jury that he only had to drive the bus in the exercise of due care. We think it was incumbent upon the trial judge to instruct the jury that the driver of the bus must exercise the utmost care in the operation of the bus. Sec. 32, Title 13, O. S. 1951, is as follows:

"A carrier of persons for reward must use the utmost care and diligence for

their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

We do not think that the setting out of this section of the statute in a previous instruction would sufficiently advise the jury of the bus driver's duty in the face of an instruction which only required him to exercise due care.

We held in Denco Bus Co. v. Keller, 202 Okla. 263, 212 P. 2d 469, that "due care" was the same as "ordinary care". In C., R. I. & P. Ry. Co. v. Shelton, 135 Okla. 53, 273 P. 988, we said that "utmost care" means the highest degree of care. In Muskogee Electric Traction Co. v. Elsing, 86 Okla. 286, 208 P. 264, we said there was no material difference between the phrases "highest degree of care" and "utmost degree of care and prudence." The jury could have been misled by instruction 5.

We are further of the opinion that instruction 6 is erroneous in that it fails to place upon the bus driver the duty to exercise the utmost care, as it only required him to exercise that care and caution of an ordinarily prudent person under the same or similar circumstances, when it was his duty under the statute to exercise that degree of care and caution of an ordinarily prudent person *whose duty it was to exercise the highest degree of care*. The duty of a carrier of persons for reward is so much higher than that of a person operating a privately owned and operated vehicle that the jury should be plainly instructed upon what his responsibilities are, and there should be no room for a misunderstanding on the jury's part as to what such a driver's duties are.

Inasmuch as we think that these two instructions were erroneous, the case is reversed and a new trial ordered.

ARNOLD, C.J., and WELCH, DAVISON, and BINGAMAN, JJ., concur. CORN, GIBSON, JOHNSON, and O'-NEAL, JJ., dissent.