Essie BARNES, Plaintiff in Error,

v.

OKLAHOMA TRANSPORTATION COMPANY, Inc., Claude E. Dickerson and Transport Insurance Company, Defendants in Error.

No. 37509.

Supreme Court of Oklahoma.

Oct. 29, 1957.

Rehearing Denied Nov. 26, 1957.

Finch & Finch, Sapulpa, for plaintiff in error.

Hudson, Hudson & Wheaton, Tulsa, for defendants in error.

WELCH, Chief Justice.

Inasmuch as the parties occupy the same position here as in the trial court, they will be referred to in the same manner.

Plaintiff, while boarding the bus of the defendant in Norman, Oklahoma, on February 11, 1955, slipped and fell on the steps of the bus. As a result of said fall she filed action in the district court for damages for personal injuries, alleging negligence on the part of the defendant Bus Company and its driver. There was jury verdict for defendant and from order overruling motion for new trial plaintiff prosecutes this appeal.

■ The plaintiff argues first, that trial court committed error in giving certain instructions. Since plaintiff failed to object or except to the instructions or to submit any requested instructions during the trial, this court will review such instructions only to determine whether they are free from fundamental error. National Tank Co. v. Scott, 191 Okl. 613, 130 P.2d 316.

In the case of Johnson v. Santa Fe Trail Transportation Co., 206 Okl. 455, 244 P.2d 576, cited by plaintiff as authority for her contention of fundamental error here, she cites the language of the Court in paragraph 5, 244 P.2d at page 579, wherein it was said:

"We are further of the opinion that Instruction 6 is erroneous in that it fails to place upon the bus driver the duty to exercise the utmost care, as it only required him to exercise that care and caution of an ordinarily prudent person under the same or similar circumstances, when it was his duty under the statute to exercise that degree of care and caution *of an ordinarily prudent person whose duty it was to*

*exercise the highest degree of care."* (Emphasis added.)

Instruction No. 5, one of the instructions complained of by plaintiff, and the only one upon which the objection is argued, reads as follows:

"You are instructed that the carrier of persons for hire owes the duty to those passengers for their safety to exercise that degree of care and caution of *an ordinarily prudent person whose duty is to exercise the highest degree of care."* (Emphasis added.)

■ Apparently the trial court in giving this instruction was following the rule in this case relied upon by plaintiff. We have examined the record and in considering the instructions as a whole, are of the opinion they are free from fundamental error.

Plaintiff next argues that trial court committed error in refusing to admit competent and legal evidence on the part of plaintiff. This being the testimony of a former bus driver as an expert, expressing his opinion as to the duties of a bus driver.

The record reveals that Mr. L. D. Holcomb was the expert witness referred to in plaintiff's brief. It further reveals the following questions and answers in qualifying witness as an expert:

"Q. State your name please? A. L. D. Holcomb.

"Q. Where do you live? A. Oklahoma City.

"Q. How long have you lived there? A. Since 1929.

"Q. What is your present business? A. I have a filling station now.

"Q. Do you work at anything other than the filling station? A. Yes, sir. I am doing oil field work now.

"Q. * * * Before your present employment what had you been doing for a living? A. Bus driving."

The objection of defendant to the testimony of this witness as to the duties of a bus driver was sustained by the Court. Plaintiff has not supplied us with authori-

ties, and we have been unable through an independent search to find any that would sustain the argument of the plaintiff herein.

 This court has held that whether the driver of a taxicab owed a duty to assist a departing passenger in alighting was a question for the jury under proper instructions. Tulsa Yellow Cab, Taxi & Baggage Co. v. Salomon, 181 Okl. 519, 75 P.2d 197. It is the contention of plaintiff that the above witness should have been permitted to testify as an expert, "that the driver of the bus of the defendant company owed a duty to assist plaintiff in boarding bus." In view of above decision we cannot agree that it was error to exclude this testimony.

It is next argued by plaintiff that the trial court committed error in admitting pictures of the Union Bus Station at Norman, Oklahoma, where bus was boarded, driveway, open door of bus, bus parked on parking lot, and driveway at approximate spot where plaintiff purportedly boarded bus.

It is agreed that the general rule of law is that in an action for damages for personal injuries, it is error for a trial court to permit a witness to testify, or pictures to be introduced as to place of accident unless it is first shown that the condition of the place or subject at the time to which testimony is related and pictures taken is substantially same as at time of injury. McGrath v. Furr, Okl., 293 P.2d 609.

However, in the present case the record reveals that this was shown by the testimony of the driver of the bus who was present at the location on the date of the accident. It is apparent that the trial court was satisfied that sufficient preliminary proof was made to justify admitting the pictures in evidence, and therein we find no error.

Where instructions as a whole fairly and substantially state the law covering issues involved, and no fundamental error appears in the record, a jury verdict in favor of the defendant, when approved by the trial judge, will not be set aside on appeal. Summers v. Acme Flour Mills, Okl., 263 P.2d 515.

Judgment affirmed.