**William K. WISE, Appellant,**

v.

**JOHNSON CONTROLS, INC., Appellee.**

**No. 70476.**

Court of Appeals of Oklahoma,
Division No. III.

Sept. 19, 1989.
Rehearing Denied Nov. 14, 1989.

Eddie A. McCroskey, Poteau, for appellant.

Douglas W. Sanders, Jr., Poteau, for appellee.

## MEMORANDUM OPINION

HANSEN, Judge:

Plaintiff originally brought this lawsuit seeking damages for retaliatory discharge under the Workers' Compensation Act, 85 O.S.1981 §§ 5, 6. The jury returned a verdict against Johnson Controls, Inc., (Employer) for actual damages. The trial court granted a money judgment based on the verdict and ordered Employer to reinstate Plaintiff. Employer appealed. Employer, however, did not reinstate Plaintiff at that time but rather obtained a supersedeas bond, thus staying the judgment.

On appeal this Court affirmed the judgment in favor of Plaintiff. Employer paid the judgment and reinstated Plaintiff. Plaintiff requested Employer pay him for the wages he would have earned had he worked during the stay period while the case was on appeal. Employer refused. Plaintiff filed the present lawsuit in July of 1985 seeking actual and punitive damages for Employer's continued bad faith refusal to comply with the intent of the orders of the trial court—that he be reinstated as of the date of the judgment.

Trial was set for September 2, 1987. Employer, on September 1, 1987, offered to confess judgment for the actual damages. Plaintiff rejected the offer because he wanted to present the issue of punitive damages to a jury. The jury returned a verdict for the actual damages plus $85,000.00 in punitive damages.

Employer filed a motion for new trial alleging the issue of punitive damages should not have been submitted to the jury. The trial court did not grant a new trial but rather reduced the punitive damage award to $30,899.21, the amount of actual damages awarded.

Plaintiff appealed the reduction of the punitive damages. Employer filed a "Response to Petition in Error, Preliminary Statement and Counter Appeal" presenting two issues only. Both issues are directed to the award of punitive damages. He alleges there was no bad faith cause of action arising out of the employer-employee relationship, thus, the "jury verdict awarding punitive damages is not supported by the evidence."

■ In its order overruling Employer's motion for new trial and reducing the punitive damages awarded by the jury, the trial court awarded $8,500.00 attorney fees to Plaintiff. Plaintiff also appeals this award claiming it is inadequate in face of the contingency fee contract between Plaintiff and his attorney. This argument is without merit. The presence of a contingency fee arrangement is a matter between the client and his attorney and is not binding on the court in awarding an appropriate attorney fee. *Thompson v. Andover Oil Co.*, 691 P.2d 77 (Okla.App.1984). In addition, Plaintiff presented no time records. Neither did he comply with the requirements of *Oliver's Sports Center v. National Standard Insurance*, 615 P.2d 291 (Okla.1980).

■ Although Employer, in his brief, raises the issue of the propriety of an award of *any* attorney fees, he did not preserve that question as an issue in his "counter appeal." Accordingly, we will not consider Employer's challenge to the attorney fee award. *Greene v. Circle Insurance Company*, 557 P.2d 422 (Okla.1976).

■ An award of attorney fees is particularly within the sound discretion of the court, whose rulings thereon will not be disturbed absent a showing of abuse of discretion. *State ex rel. Burk v. Oklahoma City*, 598 P.2d 659 (Okla.1979). The trial court's award or denial of attorney fees is presumed correct in the absence of a record to the contrary. *Mitchell v. Kimbrough*, 491 P.2d 289 (Okla.1971). We affirm the award of attorney fees.

We now address the primary issue of this appeal, the correctness of the trial

court's treatment of the jury's award of punitive damages. In the order denying Employer's motion for new trial and granting a remittitur of a portion of the punitive damages awarded by the jury, the trial court relied on the provisions of 40 O.S. 1987 Supp. §§ 165.1 et seq. as its basis for reducing the award to the amount of actual damages awarded. Section 165.3A requires an employer to pay an employee his full wages, on his or her termination, at the next regular designated payday. Section 165.3B states:

> If an employer fails to pay an employee wages as required under subsection A of this section, such employer shall be additionally liable to the employee for liquidated damages in the amount of two percent' (2%) of the unpaid wages for each day upon which such failure shall continue after the day upon which payment is required; or in an amount equal to the unpaid wages, whichever is smaller; . . . .

Based on the reasoning that Plaintiff should not be entitled to a larger recovery than an employee who was actually working and not paid, the trial court reduced the punitive damages to the amount set for liquidated damages in the above statute, the proved actual damages.

Both parties stipulate this section has no application to the present action. We agree. This action is a continuation of the retaliatory discharge lawsuit which has not been completely resolved. Thus, damages should be controlled by the provisions therein.

The retaliatory discharge statutes, 85 O.S.1981 §§ 5 and 6 originally enacted in 1976 create a tort action for bad faith discharge. In *Hicks v. Tulsa Dynaspan, Inc.,* 695 P.2d 17 (Okla.App.1985), this Court held that punitive damages are recoverable in retaliatory discharge cases if the Plaintiff pleads and proves that the facts of the case fall under 23 O.S.1981 § 9 which allows damages when a defendant is guilty of fraud, oppression, gross negligence, malice, evil intent or reckless and wanton disregard of another's rights. After that decision, the Legislature amended

§ 6, effective November 1, 1986, to provide specifically for punitive damages not to exceed $100,000.00.

Employer argues 23 O.S.1987 Supp. § 9 limits punitive damages to an amount not to exceed the actual damages awarded. However, the Legislature enacted this amendment to § 9 at the same session as the amendment to the retaliatory discharge statutes permitting punitive damages up to $100,000.00, and it became effective on the same date.

■■■ A long standing rule of statutory construction in this jurisdiction is that where there are two statutory provisions, one of which is special and clearly includes the matter in controversy and prescribes something different from the general statute, the special statute and not the general statute, applies. *City of Tulsa v. Smittle,* 702 P.2d 367 (Okla.1985). Thus, the $100,-000.00 punitive damage limitations of the retaliatory discharge statute apply rather than those in 23 O.S.1987 § 9. The trial court erred in reducing the punitive damages under § 165.3 to the amount of the actual damages.

Employer in its counter appeal contends the trial court should not have instructed the jury that it could award punitive damages if Employer's conduct "amounted to a reckless and wanton disregard of his rights." However, the transcript of the trial reveals the following statement by the Court:

> The Court has drawn instructions based upon instructions received, and the discussions with counsel, and has presented those to Counsel, . . . . It's the understanding of the Court, in discussions with Counsel, that *both counsel are in agreement with these instructions, and have no objections thereto, and that there are no other instructions to be requested.* (emphasis supplied).

■■■ There being no objections to the jury instructions raised by Employer, we must examine them only for fundamental error. Where no objection was made to an instruction at trial level and it is not set out in the brief, this Court will not review the claim that the instruction was incorrectly

given. *Jordan v. General Motors Corp.*, 590 P.2d 193 (Okla.1979).

■ We find no fundamental error in giving the instruction on punitive damages. The question of how much punitive damages to award is peculiarly within the province of the jury. It will not be held to be excessive unless it appears to be grossly so or the result of passion, prejudice or improper sympathy. *Jones v. Lennington*, 629 P.2d 805 (Okla.App.1981).

Employer does not point to any evidence the jury was the victim of passion, prejudice or improper sympathy in arriving at its award. An exemplary damage verdict must be determined, as a matter of law, to have been clearly the result of passion and prejudice for a trial judge to reduce it. *Sopkin v. Premier Pontiac, Inc.*, 539 P.2d 1393 (Okla.App.1975). The trial court had no grounds in law or in fact on which to base a reduction in the amount of punitive damages awarded by the jury. Accordingly, the order reducing the punitive damage award is REVERSED and the case REMANDED with directions to the trial court to enter a judgment based on the jury's verdict. In all other respects the trial court is AFFIRMED.

REYNOLDS, J., concurs.

BAILEY, C.J., dissents with separate opinion.

BAILEY, Chief Judge:

While I concur with the majority opinion in this case affirming the award of attorney's fees to Appellant, I dissent from that part of the opinion which reverses the Trial Court's remittitur of punitive damages. In that regard, I believe that 23 O.S.1987 Supp. § 9 and 85 O.S.1987 Supp. § 6 may be read in *pari materia*. Clearly on the one hand, 85 O.S. § 6 limits awards of punitive damages to less than $100,000 in retaliatory discharge cases within its scope. Section 9 of Title Twenty-three, on the other hand, specifically prohibits an *any* award of punitive damages in excess of actual damages, unless the Court, on the record and outside the presence of the jury, makes a prima facie determination of the

sufficiency of plaintiff's evidence of fraud, malice or oppression. Reading the two provisions together, I believe the legislative intent must have been to limit punitive damages in retaliatory discharge cases to $100,000 or less (85 O.S. § 6), but in no event should punitive damages exceed actual damages awarded unless the Trial Court determines, on the record, the sufficiency of plaintiff's proof of entitlement to punitive damages. In the presence case, I find no record of such a finding by the Trial Court, and by the clear mandate of 23 O.S. § 9, the Trial Court was *required* to order a remittitur of punitive damages insofar as the punitive damages awarded exceeded the actual damages awarded by the jury.

I therefore respectfully concur in part, and dissent in part.