Jack SHUMAN, Appellee,

v.

LAVERNE FARMERS
COOPERATIVE, Appellant,

v.

FARMLAND INDUSTRIES, INC., and
Cooper Tire & Rubber
Company, Appellees.

No. 72666.

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 21, 1991.

Manville T. Buford, Lee, Beuch, Buford, Durocher & Mauritson, Oklahoma City, for appellant.

G. Wayne Olmstead, Holcomb, Harkins & Olmstead, Oklahoma City, for appellee Shuman.

David H. Dobson, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellees Farmland and Cooper Tire & Rubber.

MEMORANDUM OPINION

BAILEY, Judge:

Appellant Laverne Farmers Cooperative (Coop) seeks review judgment entered on jury verdict for Appellee Jack Shuman (Shuman). Tangentially, Coop also appeals the Trial Court's order granting the post-trial motion for judgment *non obstante verdicto*/remittitur of Appellees Farmland

Industries, Inc. (Farmland) and Cooper Tire & Rubber Company (Cooper). Herein, Coop claims error below (1) in denial of Coop's claim for indemnity against Farmland and Cooper, (2) in submission of the issue of punitive damages to the jury, and (3) in denial of Coop's motion for mistrial upon Shuman's interjection of the issue of "insurance."

On a cold and wintry day in March, 1988, Shuman's son, Steve, took one of the family cars to Coop to purchase a new tire. Coop installed the new tire without mishap, and Steve left for home. As Steve pulled into his driveway at home, he became stuck in ice and snow. As Steve spun his tires, the new tire blew out, causing extensive damage to the car.

Shuman apparently then submitted a claim to Coop for the damages to his car, which Coop denied. Shuman subsequently commenced a small-claims action against Coop to recover damages sustained in the blow-out. Coop moved to transfer the action to the District Court docket, and commenced a third-party indemnity action, naming as third-party defendants, Farmland, distributor of the tire, and Cooper, manufacturer of the tire. Shuman never amended his claim against Coop to include Farmland and Cooper as principal defendants.

Evidence adduced at trial showed high speed spinning of tires on snow and ice caused tires to separate, and that Cooper had issued a "Service Bulletin" to its dealers in mid–1978, warning of potential damage to car and tires from excessive and/or high speed wheel spinning in such conditions. Coop's service manager, an employee of eleven years duration, professed that although Coop had received such service bulletins from suppliers sporadically over the years, that he did not know if Coop received Cooper's tire warning bulletin, that he had not seen the warning bulletin, that he was unaware of such potential dangers, and that he therefore issued no commensurate warning to Steve Shuman on the date of installation of the tire in question. However, Steve Shuman admitted that he had heard of blow-outs under such conditions.

The jury subsequently returned its verdict for Shuman and against Coop for $1,546.83 in actual damages and $15,000.00 in punitive damages. The jury also returned a verdict for Coop on its third-party claim against Farmland and Cooper for $15,000.00 in punitive damages only. On Farmland/Cooper's post-trial motion for judgment *non obstante verdicto*/remittitur, the Trial Court vacated Coop's jury verdict for punitive damages only against Farmland and Cooper, as lacking actual damage award foundation. Coop appeals as aforesaid.

In its first proposition, and in several subpropositions thereunder, Coop argues, in essence, that any liability of Coop, as dealer of the tire, for failure to warn the consumer, Shuman, of the known and potentially dangerous condition, is co-extensive with and derivative from the liability of Cooper, as manufacturer of the tire, and Farmland, as distributor.[1] Thus, says

---

1. See, e.g., *Braden v. Hendricks*, 695 P.2d 1343, 1350 (Okl.1985) (on claimed error arising from exclusion of indemnity agreement between manufacturer and dealer; held, "In strict liability action, it is immaterial to the plaintiff's case that the defect in the product was not caused by the distributor. The liability of the manufacturer and distributor is co-extensive, even though the distributor was not responsible for the presence of the defect," and exclusion of evidence of contract of indemnity which merely formalized manufacturer's non-contractual and legal obligation to indemnify dealer upon claim for loss arising from defect in product "clearly ... harmless"); *McKee v. Moore*, 648 P.2d 21, 23–24 (Okl.1982) (drug manufacturer, like other manufacturers, may be held strictly liable for breach of continuing duty to warn of known dangers); *Moss v. Polyco, Inc.*, 522 P.2d 622, 626 (Okl. 1974) (retailer's position in distributive chain dictates that retailer bear and/or share with manufacturer responsibility for costs of injuries resulting from defective products, and doctrine of manufacturer's product's liability therefore available against both manufacturer and retailer); *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1360–1361 (Okl.1974) (in products' liability action, plaintiff must show injury caused by a product defective at the time the product left possession and control of manufacturer and that defect made the product unreasonably dangerous to user; "processors, assemblers and all other persons ... similarly situated in processing and distribution" included in definition of "manufacturer").

Coop (1) there is no evidence supporting a finding that Coop knew of the potential dangers, (2) that any presumptive imputation of such knowledge to Coop stood clearly rebutted by uncontroverted evidence that Cooper and/or Farmland did not issue appropriate warnings to Coop,[2] (3) that because Coop's liability is co-extensive with that of Cooper and Farmland, (a) the jury's verdict for Coop and against Cooper and Farmland on Coop's indemnity claim, notwithstanding vacation thereof by the Trial Court, functionally absolves Coop from liability,[3] or alternatively (b) if the jury verdict for Shuman and against Coop is allowed to stand, that Coop is entitled to indemnity from Cooper and Farmland to the extent of Coop's adjudicated liability for Shuman's damages.[4]

■ Under the facts and circumstances of this particular case, however, we find no error as alledged by Coop. As to Coop's liability for failure to warn, there appears evidence in the record showing Cooper's knowledge of potential dangers and dissemination by Cooper of warnings thereof to Cooper's dealers, such as Coop. Notwithstanding Coop's protestations of nonreceipt of such warnings and/or ignorance of such warnings and/or related potential dangers, there thus appears competent evidence in the record which, if believed by the jury, would support a finding that Coop failed to pass on to consumers the warnings issued by Cooper. In such a case, Cooper and/or Farmland could not be held liable for failure to warn, as having previously fulfilled that duty, either directly or indirectly.[5] We therefore find competent evidence in the record to support a finding of Coop's sole liability arising from the failure to warn.

■ A more troublesome issue arises, as pointed out by Coop, in the jury's verdict for Coop on its indemnity claim against Cooper and Farmland, the attendant somewhat curious assessment of punitive damages only, and the Trial Court's subsequent vacation of that part of the jury verdict on motion of Cooper and Farmland. It may well be that the jury intended that Cooper and Farmland indemnify Coop for that *quantum* of total damages awarded to Shuman in a sum equal to the amount of punitive damages award against Coop. Notwithstanding, because the jury found Cooper and Farmland not liable to Coop for any actual damages, Oklahoma law dictated that the Trial Court vacate the award of punitive damages only.[6] We have previously noted evidence in the record, if believed by the jury, supporting a finding of (1) no breach of any duty to warn by Cooper or Farmland and (2) actionable failure to warn by Coop. Under such evidence, therefore, Coop's liability arises by virtue of its own inaction, i.e., failure to pass on Cooper/Farmland's previous warnings, and

---

2. *Kirkland,* 521 P.2d at 1366 (one valid defense to manufacturer's liability action defined as "voluntary assumption of the risk of a known defect"); *McKee,* 648 P.2d at 23 ("The manufacturer [and retailer have] a duty to warn the consumer of potential dangers when it is known or should be known that hazards exist"); *Smith v. U.S. Gypsum Co.,* 612 P.2d 251 (Okl.1980) (manufacturer required to give warnings as to use of potentially dangerous product).

3. *Braden,* 695 P.2d at 1352 (where defect is solely attributable to manufacturing process rather than conduct within the distributive system, distributor's liability is "vicarious"; thus, as between defendant-distributor, as an agent, and defendant-manufacturer, as a principal, absent claim or proof of negligence of principal-manufacturer, judgment in favor of agent-distributor "operates *ex lege* to exonerate the" principal-manufacturer).

4. *Braden,* 695 P.2d at 1349–50 (right of indemnity arises "when one—who was only *constructively* liable to the injured party and was in no manner responsible for the harm—is compelled to pay damages because of the tortious act by another"); *Porter v. Norton–Stuart Pontiac–Cadillac of Enid,* 405 P.2d 109, 113 (Okl.1965); *Burrell v. Rodgers,* 441 F.Supp. 275, 278 (WD Okl. 1977).

5. Cf., *McKee,* 648 P.2d at 23–24 (drug manufacturer's duty to warn fulfilled when warnings given to physician, and duty to warn ultimate consumer then devolves to prescribing physician.)

6. 23 O.S.Supp.1986 § 9; see also, e.g., *Norman's Heritage Real Estate Co. v. Aetna Cas. & Sur. Co.,* 727 F.2d 911 (10th Cir.1984); *Phillips Machinery v. LeBlond,* 494 F.Supp. 318 (ND Okl. 1980); *State ex rel. Southwestern Bell Tel Co. v. Brown,* 519 P.2d 491 (Okl.1974).

not vicariously through, nor concurrent, nor co-extensive with Cooper or Farmland.[7] This being the case, we hold Coop neither absolved from liability, nor entitled to indemnity from Cooper and/or Farmland, and we reject these allegations of error.

■ In its second proposition, Coop attacks the jury's verdict and award for punitive damages. Hereunder, Coop asserts (1) insufficiency of the evidence to warrant submission of issue of punitive damages to the jury, or (2) if the issue properly went to the jury, error of the Trial Court in failing to follow and instruct the jury pursuant to 23 O.S.Supp.1986 § 9.[8] As to the sufficiency of Shuman's evidence, and as we have previously noted, there is some evidence in the record supporting an inference that Coop failed to pass on the warning issued by Cooper. Without elaboration, we believe such evidence would also clearly support an inference of either Coop's gross negligence or reckless disregard/indifference for the safety of others. Under such circumstances, the Trial Court was not free to refuse to submit and instruct on the issue of punitive damages.[9]

■ However, we find the Trial Court's failure to adhere to the requisites of 23 O.S. § 9 invalidates part of the award of punitive damages. In that regard, § 9 is clear in requiring the Trial Court to make a determination of the prima facie sufficiency of plaintiff's evidence of fraud, malice or the like, before an award of punitive damages in excess of actual damages may be allowed. In the present case, the appellate record is devoid of any such finding by the Trial Court on the sufficiency of plaintiff's evidence. This being so, and by operation of § 9, the Plaintiff could not have legally recovered punitive damages in a sum greater than actual damages awarded, and we hold the judgment for Shuman and against Coop for $15,000 in punitive damages must be modified and reduced to a sum "not exceeding the amount of actual damages awarded," that is $1,546.83.

■ In its third proposition, Coop attacks the Trial Court's ruling denying Coop's motion for mistrial. Herein, Coop argues that Shuman's testimony concerning his "claim" for damages submitted to Coop before institution of suit, which Shuman asserted Coop required to be documented like an "insurance" claim, improperly and prejudicially interjected the issue of "insurance," and mandating a grant of mistrial.[10] However, having reviewed the

---

7. *Braden,* 695 P.2d at 1356.

This approach also vitiates the need to address the assertion of Cooper and Farmland that the public policy of this state forbids shifting of burden of punitive damages away from the party adjudicated to be liable therefor. Cf., i.e., *Dayton–Hudson Corp. v. American Mut. Liability Ins. Co.,* 621 P.2d 1155 (Okl.1980) (notwithstanding arguable coverage by insurance, held, based on public policy of this state, culpable party not allowed to shift liability for punitive damage award to insurer).

8. An award of punitive damages is controlled by statute which provides:

A. In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant, in an amount not exceeding the amount of actual damages awarded. Provided, however, if at the conclusion of the evidence and prior to the submission of the case to the jury, the court shall find, on the record and out of the presence of the jury, that there is clear and convincing evidence that the defendant is guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, then the jury may give damages for the sake of example, and by way of punishing defendant, and the percentage limitation on such damages set forth in this section shall not apply.

B. The provisions of this section shall be strictly construed.

23 O.S.Supp.1986 § 9.

See also, e.g., *Mitchell v. Ford Motor Credit Co.,* 688 P.2d 42 (Okl.1984) (reckless disregard); *Dilworth v. Fortier,* 405 P.2d 38 (Okl.1965) (gross negligence or reckless disregard).

9. See also, *Sopkin v. Premier Pontiac,* 539 P.2d 1393 (Okl.App.1975) (only in total absence of evidence supporting inference of malice, actual or presumed, or equivalent, is trial court justified in refusing to submit issue of punitive damages to jury).

10. 12 O.S.1981 § 2411; *Tidmore v. Fullman,* 646 P.2d 1278 (Okl.1982); *Lilly v. Scott,* 598 P.2d 279 (Okl.App.1979); *Baker v. Knott,* 494 P.2d 302

questioned testimony, and under the facts and circumstances of this particular case, we find no improper interjection of the issue of insurance, nor demonstrable prejudice arising therefrom, and hence, no reversible error.[11]

The judgment entered on jury verdict is therefore AFFIRMED IN PART AND REVERSED IN PART.

ADAMS, P.J., concurs.

MacGUIGAN, J., not participating.

(Okl.1972); *Matchen v. McGahey,* 455 P.2d 52 (Okl.1969); *Hutton v. Lowry,* 444 P.2d 812 (Okl. 1968); *Okla. Trans. Co. v. Claiborn,* 434 P.2d 299 (Okl.1967); *Million v. Rahhal,* 417 P.2d 298, (Okl.1966); *J.C. Penney Co. v. Barrientez,* 411 P.2d 841 (Okl.1965); *Missouri, Kansas and Oklahoma Transit Lines v. Baker,* 393 P.2d 868 (Okl. 1964); *Pratt v. Womack,* 359 P.2d 223 (Okl. 1961); *Redman v. McDaniel,* 333 P.2d 500 (Okl. 1959).

**11.** *Lilly v. Scott,* 598 P.2d at 283–284; *Baker v. Knott,* 494 P.2d at 305–306; *Hutton v. Lowry,* 444 P.2d at 814–816.