Larry E. KING, Appellee,

v.

HALLIBURTON CO., d/b/a Halliburton Services, Appellant.

No. 72857.

Court of Appeals of Oklahoma, Division 3.

April 23, 1991.

Rehearing Denied June 11, 1991.

Certiorari Denied July 26, 1991.

Charles W. Stubbs, Oklahoma City, for appellee.

Jim T. Priest, David W. Kirk, Oklahoma City, for appellant.

## MEMORANDUM OPINION

HUNTER, Chief Judge:

This is an appeal of a jury verdict for the plaintiff, Larry King, in a wrongful discharge case against his former employer, Halliburton Services. Specifically, the discharge was alleged to be retaliation for Appellee having filed a workers' compensation claim. The jury awarded damages in the amount of $32,500.00 for actual damages, and $16,125.00 for punitive damages.

Section 5, Title 85 Oklahoma Statutes 1981 provides:

No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, or has testified or is about to testify in any such proceeding. Provided no employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties.

The Oklahoma Supreme Court construed this statute as requiring the employee to establish a prima facie case of retaliatory discharge by proving: "employment, on the job injury, receipt of treatment under circumstances which put the employer on notice that treatment had been rendered for a work-related injury, or that the employee in good faith instituted, or caused to be instituted, proceedings under the Act, and consequent termination of employment". *Buckner v. General Motors Corporation,* 760 P.2d 803, 806 (Okl.1988). The employer then has the burden to rebut the inference of retaliatory motive by proof that its motive for discharge was for a legitimate non-retaliatory reason.

In the present case, Appellee introduced evidence that on January 11, 1985, he was injured while working. He received extensive treatment and was seen by several doctors. On March 18, 1985, a doctor recommended to Appellee by Appellant, released Appellee to return to work. Appellant's employee, and Appellee's supervisor, Richard Raglan, testified that he decided to

lay Appellee off from work because he had not returned to work by March 20, 1985, and because there was a work slowdown. It was on March 22, 1985, that Appellee filed his worker's compensation claim.

The evidence was not specific as to the day, but a few days after March 20, 1985, Appellee received a partial check from Halliburton with the notation "1/2 week SW". This was evidently severance pay. Richard Raglan testified that he tried to telephone Appellee at home on March 18th and 19th, 1985, but was unable to reach him. He did not notify Appellee otherwise of the lay off. Appellee testified that he spoke with Halliburton's dispatcher, Don Long, who was since deceased, and notified him that he was unable to return to work. Appellee testified that Long advised him he had been fired because of the workers' compensation claim. Appellee also testified that another Halliburton employee, who had brought the paycheck, Wendell Payne, told him he was being fired because of his workers' compensation claim. Payne denied these allegations when called to testify by the defense.

### I.

Appellant's first assignment of error is that Appellee's evidence did not prove the discharge was retaliation for filing a workers' compensation claim. Appellant asserts that Appellee's evidence did not refute the legitimate reason it established for the discharge.

> Although the evidence relied upon to prove wrongful discharge must, in most cases, of necessity be circumstantial in nature, that evidence must have sufficient probative value to constitute the basis for a legal inference rather than mere speculation, and the circumstances proved must lead to the conclusion with reasonable certainty and probability.

*Thompson v. Medley Material Handling, Inc.*, 732 P.2d 461, 463 (Okl.1987). In *Thompson*, the Supreme Court held that the workers' compensation claim need only be a significant factor for the discharge to violate 85 O.S.1981 § 5. Even if legitimate reasons exist which justify the termination, if retaliatory motivations are a significant factor in the decision, the discharge is wrongful.

■ We find that Appellee's evidence at trial established circumstances which gave rise to a legal inference that the discharge was significantly motivated by retaliation for exercise of statutory rights. *Buckner*, 760 P.2d at 810. Appellee's workers' compensation claim was "instituted" long before he was laid off. He was terminated in an unusual manner and at a time when his physician acknowledged Appellee continued to have a great deal of pain. The timing of Appellee's termination may have suggested a retaliatory motive. It was for the trier of fact, the jury in this case, who observed the witnesses' demeanor and heard their testimony, to decide the credibility of the witnesses and the effect and weight to be given conflicting or inconsistent testimony. *Central Plastics Co. v. Goodson*, 537 P.2d 330 (Okl.1975). Where there is any competent evidence reasonably tending to support the verdict of the jury, the court on appeal will not disturb the verdict and judgment based thereon. *Walker v. St. Louis–San Francisco Ry. Co.*, 646 P.2d 593, 597 (Okl.1982).

■ Appellant contends that the trial court erred in not granting summary judgment prior to trial. However, summary judgment is not proper if, under the evidence, reasonable persons might reach different inferences or conclusions upon the undisputed facts. *Wilds v. Universal Resources Corp.*, 662 P.2d 303 (Okl.1983). Clearly, there was sufficient evidentiary materials introduced to indicate there was a substantial controversy of the material fact of defendant's motive in terminating plaintiff. *Ross v. City of Shawnee*, 683 P.2d 535 (Okl.1984).

■ Nor can we say the trial court erred in not granting Appellant's requests for directed verdict and for judgment notwithstanding the verdict. Evaluating the evidence in the light most favorable to the plaintiff, there were reasonable inferences from the evidence which reasonable men could choose to accept or reject, and which

were properly submitted to the jury. *Sadler v. T.J. Hughes Lumber Co., Inc.,* 537 P.2d 454 (Okl.App.1975), and *McInturff v. ONG Transmission Co.,* 475 P.2d 160 (Okl. 1970).

▮ Within this assignment, Appellant contends that the trial court should not have considered hearsay evidence related by Appellee of statements to him by Don Long and Wendell Payne. Appellant did not timely press an objection to the hearsay evidence at trial and has thus waived any objection to it on appeal. *Del City v. Moore,* 483 P.2d 324 (Okl.1971).

## II.

▮ Appellant contends that the trial court erred in the instructions it gave and in rejecting certain offered instructions. A case will not be reversed on appeal for alleged error in the giving of instructions unless the instructions given clearly caused a miscarriage of justice. *Sunray DX Oil Co. v. Brown,* 477 P.2d 67 (Okl.1970). Appellant proffered its own instruction concerning burden of proof and the shifting thereof. But we find the trial court properly instructed the jury that the burden of proof remained upon the employee. *Buckner,* 760 P.2d at 807.

We cannot say the instructions given resulted in a verdict different than would have been rendered if the alleged errors had not occurred. *Cramer v. Osteopathic Hospital Founders Assn.,* 383 P.2d 218 (Okl.1983). The instructions construed in their entirety fairly submitted the issues to the jury. *Wooten v. Hall,* 442 P.2d 334 (Okl.1968).

▮ Appellant assigns as error submission to the jury of an instruction allowing consideration of punitive damages. The case of *Hick v. Tulsa Dynaspan, Inc.,* 695 P.2d 17 (Okl.App.1985), is cited as holding that retaliatory discharge does not automatically entitle a plaintiff to punitive damages. The plaintiff must also prove statutory requirements for punitive damages.

We find that punitive damages are allowed for retaliatory discharge cases. 85

O.S.Supp.1986, § 6. The trial court did instruct the jury that punitive damages were allowable if defendant's conduct involved: fraud; oppression; gross negligence; malice (actual or presumed); evil intent; or reckless and wanton disregard of another's rights. The trial court even went so far as to limit the amount of potential punitive damages to $32,250.00, though 85 O.S. Supp.1986, § 6, sets the limit at $100,-000.00. We cannot say Appellant has sustained its burden of demonstrating reversible error from the instructions.

## III.

▮ As its final assignment of error, Appellant contends that the trial court should have granted a new trial because of irregularity in the proceedings and the misconduct of counsel. The irregularity cited is when plaintiff's counsel on several occasions claimed in front of the jury that he had not previously seen several exhibits introduced by defendant. Appellant believes that this was an attempt to unfairly prejudice the jury against defendant and his attorney. Further, Plaintiff's counsel remarked during closing arguments that Richard Raglan said that at least part "of his motivation to lay off Appellee was his on-the-job injury". The trial court sustained the Appellant's objection to the argument. Certain bench conferences of Judge and Counsel were also overheard, but this appears to have been due to closeness in proximity and not plaintiff's counsel's error.

▮ We do not believe the actions complained of denied Appellant a fair trial or that the trial court abused its discretion in denying a motion for new trial. *City of Blackwell v. Murduck,* 202 Okl. 216, 212 P.2d 135 (1949). The trial court has wide latitude concerning the practical conduct of a trial and an appellate court will not reverse unless a clearly erroneous conclusion or judgment is made. *Abel v. Tisdale,* 619 P.2d 608 (Okl.1980); *Oklahoma Gas & Electric Co. v. Chez,* 527 P.2d 165 (Okl. 1974).

Having failed to find error in the judgment, it is AFFIRMED.

HANSEN, J., concurs.

GARRETT, P.J., dissents.