**Etta BROWN, Appellee,**

v.

**MFC FINANCE COMPANY OF OKLAHOMA, Appellant.**

**No. 76827.**

Court of Appeals of Oklahoma,
Division No. 3.

April 28, 1992.

Certiorari Denied Oct. 6, 1992.

Terry W. Tippens, Oklahoma City, for appellant.

Arthur R. South, Lawton, for appellee.

## OPINION

HANSEN, Vice–Chief Judge:

Appellant, MFC Finance Company of Oklahoma (MFC), seeks review of the trial court's order overruling its Motion for New Trial. Appellee, Etta Brown, filed the action against MFC asserting wrongful discharge under 38 O.S.Supp.1987, § 35. After trial by jury, the jury rendered a verdict in favor of Appellee and awarded her $175,000.00 in actual damages and $350,000.00 in punitive damages. We affirm the judgment awarding $175,000.00 in actual damages and reverse and remand the $350,000.00 punitive damages award.

Appellee was employed by MFC in Lawton, Oklahoma on May 20, 1985. She was employed as the Customer Service Supervisor on the date of her discharge, November 9, 1989. Appellee received a jury summons from the District Court of Comanche County which commanded her to report to district court at 8:30 a.m. on November 6, 1989 for service as a petit juror. Appellee testified she called the District Court Clerk's office and was informed they would need her to serve for one week. She relayed this information to her immediate supervisor, giving the supervisor a copy of the jury summons.

Appellee reported for jury service on Monday, November 6, 1989. She was not selected for a jury that morning and was excused from court for that afternoon. After being dismissed by the court, she did not return to work. On Tuesday, she was again released from jury duty about noon and did not return to work. That evening, Appellee's immediate supervisor called Appellee at her home, inquiring of her whereabouts for the two prior afternoons. The supervisor had called the Comanche Court Clerk's office on Tuesday and had been informed Appellee had been released from jury duty for the day at 10:30 a.m. After the call by her supervisor, Appellee phoned Mr. Gerard Obetter, the regional supervisor of MFC. Appellee and Mr. Obetter met on Wednesday, November 8, at the MFC offices after Appellee concluded jury duty for the day. Mr. Obetter requested Appellee obtain a statement from district court that Appellee was not allowed to be on call for jury duty at work, after she had been released from court each day. Appellee failed to obtain such statement. Appellee reported for jury duty Thursday morning. Mr. Obetter fired Appellee over the phone Thursday, November 9, 1989. Appellee received juror compensation from the district court for the entire week of November 6–9, 1989.

■ For its first proposition of error, Appellant maintains the trial court erred in failing to grant its demurrer to the evidence and motion for directed verdict because there was insufficient evidence to support Appellee's wrongful discharge claim pursuant to 38 O.S.Supp.1987, § 35. That section provides:

> Every person, firm or corporation who discharges or causes to be discharged an employee, because of said employee's absence from his employment by reason of said employee's having been required to serve as a grand, multicounty grand, or petit juror on a grand, multicounty grand, or petit jury shall be liable to the person so discharged in a civil action at law for both actual and exemplary damages. Damages shall include all pecuniary losses suffered including, but not limited to, lost earnings, both past and future, mental anguish and all reasonable damages incurred in obtaining other suitable employment.

To establish a prima facie case of wrongful discharge under this statute, the discharged employee must show three elements:

1. employment;
2. absence from employment by reason of the employee's having been required to serve as a juror; and
3. discharge from employment because of absence due to jury service.

There is no dispute over the first element of wrongful discharge. Regarding the sec-

ond element, Appellee presented evidence that she was summoned for jury duty for the entire week, that MFC was aware of her jury duty prior to her absence from work, that she in fact fulfilled her function as a juror during that week, and that she was compensated by the court clerk for her jury service for the entire week. The evidence presented indicates Appellee was excused from jury duty for both Monday and Tuesday afternoon. MFC contends Appellee should have returned to work after being excused because she was receiving full pay from MFC for the week. MFC asserts such pay is not required but is given by MFC to their employees as a courtesy. MFC's voluntary payment of wages, however, is not determinative of whether Appellee's absence resulted from jury service.

 In addition, Appellant must show she was discharged from employment because of her absence due to jury service. This Court adheres to the basic rule that an employment contract of indefinite duration may be terminated without cause at any time without incurring liability. *Burk v. K–Mart Corporation*, 770 P.2d 24 (Okla. 1989). The terminable-at-will doctrine is not absolute, however, and an at-will employee's discharge may be actionable in tort on public policy grounds. *Hinson v. Cameron*, 742 P.2d 549 (Okla.1987); *Burk*, at 26, footnote 4. One commonly recognized public policy ground includes employees dismissed for performing important public obligations such as jury duty. *Hinson*, at 553, footnote 9; *Vannerson v. Board of Regents of University of Oklahoma*, 784 P.2d 1053, 1055 (Okla.1989); *Reuther v. Fowler & Williams, Inc.*, 255 Pa.Super. 28, 386 A.2d 119 (1978).

 This public policy exception has been specifically recognized by the Oklahoma Legislature by its enactment of 38 O.S.Supp.1987, § 35. Similar to the exception for jury duty, the Oklahoma Legislature has provided that an employee who has filed a workers' compensation claim may not be discharged for exercising that statutory right. 85 O.S.1991, § 5. In a retaliatory discharge claim under 85 O.S. 1991, § 5, the employee may carry the burden of persuading the trier of fact that the discharge was retaliatory in nature if he or she proves the discharge was "significantly motivated" by retaliation for her exercise of statutory rights or by showing that the employer's proffered reason for the discharge is a pretext. *Buckner v. General Motors Corporation*, 760 P.2d 803 (Okla. 1988). If the employee proves retaliatory motivations comprise a significant factor in the employer's decision to terminate an employee, the discharge violates the intent of 85 O.S.1991, § 5 *even though other legitimate reasons exist to justify the termination. Thompson v. Medley Material Handling*, 732 P.2d 461 (Okla.1987). We hold the analysis in *Buckner* and *Thompson* of the burdens of production and persuasion in retaliatory discharge claims may be applied to retaliatory discharge claims under 38 O.S.Supp.1987, § 35.

There was conflicting evidence of the reason for Appellee's discharge. MFC submitted several reasons for the discharge: Appellee's hostility to the company and other employees because Appellee was not made a manager; her insubordination for not obeying her supervisor's order to call the office on a day that she had jury duty; her "failure to tell the truth" to her supervisor regarding whether she could remain "on call" for jury duty at the office; and her refusal to obtain a letter from the district court stating a juror could be "on call" for jury duty while at work. Assuming, arguendo, that any of these reasons were legitimate, our review of the record indicates Appellee presented competent evidence from which a jury could infer MFC's proffered reasons were pretext or that the discharge was significantly motivated by a retaliation for her exercise of statutory rights.

Appellee testified Mr. Obetter made comments during their meeting on Wednesday and during their phone conversation on Thursday commanding Appellee to return to work on Thursday or she would lose her job. Prior to these events, Appellee had contacted the district judge in charge of

excusing jurors, conveying her concerns about losing her job. The judge and his bailiff both testified Appellee feared she would lose her job if not excused from jury duty. Mr. Obetter denied asking Appellee to come to work for any part of the week but admitting asking her to inquire into being "on call" at work. Mr. Obetter, the visiting regional manager, fired Appellee unilaterally without consulting Appellee's supervisor.

■ It is not reversible error to overrule a demurrer to the evidence and a motion for a directed verdict in a law action where there is any competent evidence reasonably tending to support the claim of the plaintiff. *Commonwealth Life Insurance Company v. Gay*, 365 P.2d 149 (Okla.1961). Our review of the record indicates there was competent evidence from which a jury could infer Appellee had been discharged in violation of 38 O.S.Supp.1987, § 35. The trial court did not err in refusing to grant MFC's demurrer and motion for a directed verdict.

■ In its second proposition of error, Appellant argues the trial court failed to comply with the requirements of 23 O.S.Supp.1986, § 9 prior to instructing the jury on the issue of punitive damages. That section provides:

A. In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, the jury, in addition to the actual damages, may give damages for the sake of example, and by way of punishing the defendant, in an amount not exceeding the amount of actual damages awarded. Provided, however, if at the conclusion of the evidence and prior to the submission of the case to the jury, the court shall find, on the record and out of the presence of the jury, that there is clear and convincing evidence that the defendant is guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, then the jury may give damages for the sake of example, and by way of punishing the defendant, and *the percentage limitation on such damages set forth in this section shall not apply.*

B. The provisions of this section shall be strictly construed.

(Emphasis supplied.)

Appellee admits the trial court failed to make the independent finding required by this section which would allow the jury to award punitive damages in excess of the actual damages awarded. The record is devoid of any such finding by the trial court. Accordingly, Appellee could not have recovered punitive damages in a sum greater than actual damages awarded.[1] We hold the judgment for Appellee and against Appellant for $350,000.00 in punitive damages was error. This portion of the award must be modified and reduced to a sum "not exceeding the amount of actual damages awarded", that is, $175,000.00.

■ Finally, Appellant maintains the jury's award of actual and punitive damages was not supported by competent evidence but is grossly excessive indicating the jury was influenced by passion and prejudice. 38 O.S.Supp.1987, § 35 authorizes recovery in damages for pecuniary losses suffered including, but not limited to, lost earnings, both past and future, mental anguish and all reasonable damages incurred in obtaining other suitable employment.

■ The record reveals neither party objected to the instructions, which included an instruction authorizing a punitive damages award. Appellant's failure to object or except to the instructions or to submit requested instructions limits this Court's review of the instructions to one for fundamental error. *Barnes v. Oklahoma Transportation Company*, 318 P.2d 455 (Okla.1957). Appellant does not claim fundamental error in the punitive damages instruction and we find none.

■ 38 O.S.Supp.1987, § 35 specifically authorizes the recovery of exemplary dam-

---

1. See *Shuman v. Laverne Farmers Cooperative*, 809 P.2d 76 (Okla.Ct.App.1991).

ages. A trial court may refuse to submit a punitive damages instruction to the jury only where there is no evidence whatsoever that would give rise to an inference of actual malice or conduct deemed equivalent to actual malice. *Sopkin v. Premier Pontiac, Inc.,* 539 P.2d 1393 (Okla.Ct.App.1975). With regard to retaliatory discharge under 85 O.S.1981, § 6, this Court has previously determined where there is sufficient evidence to send the case to the jury for a determination of actual damages, the trial court *must* instruct on punitive damages. *Williams v. ABS Enterprises, Inc.,* 734 P.2d 854, 856 (Okla.Ct.App.1987).

Inherent in the concept of retaliation is an intent to inflict injury in return for an injury. 'Revenge' as such implies malice and oppression under 23 O.S.1981, § 9.

*Id.,* at 856. *See also Rogers v. Welltech, Inc.,* 813 P.2d 534 (Okla.App.1991). This concept is equally applicable to discharge in retaliation for jury service. Competent evidence was presented which could support the jury's verdict that Appellee was discharged in violation of 38 O.S.Supp.1987, § 35. As such, the evidence could also support an inference that MFC acted with malice and oppression under 23 O.S.1981, § 9.

■■■ The question of how much punitive damages to award is peculiarly within the province of the jury. *Wise v. Johnson Controls, Inc.,* 784 P.2d 86 (Okla.App.1989). Unless the award appears to be grossly excessive or the result of passion, prejudice or improper sympathy, it will not be reduced. *Id.,* at 89. MFC does not point to any evidence to support its claim that the jury was the victim of passion, prejudice or improper sympathy. Further, Appellant failed to object to the jury instructions which provided the jury could award up to One Million Dollars in actual damages and Five Hundred Thousand Dollars in exemplary damages. A party who fails to preserve an issue for appeal by objecting in a timely manner to an instruction or by neglecting to offer a proper instruction has waived review of that issue on appeal. *Bane v.*

*Anderson, Bryant & Co.,* 786 P.2d 1230 (Okla.1989).

■■■ It is within the province of the jury to determine the credibility of witnesses and to decide the effect or weight to be given their testimony. *King v. Halliburton Co.,* 813 P.2d 1055 (Okla.App.1991). In a law action, the jury's verdict is conclusive as to all disputed facts and conflicting statements and where there is any competent evidence reasonably tending to support the verdict, the verdict and judgment based thereon will not be disturbed. *Id.* at 1057. *Walker v. St. Louis–San Francisco Railway Company,* 646 P.2d 593, 597 (Okla.1982). We will not invade the jury's province and substitute our judgment as a fact finding tribunal where the amount of the verdict is within the limits of competent evidence under the instructions given. *Bane,* at 1236.

The judgment is affirmed in part, reversed in part and remanded with instructions for reduction of the punitive damages award to $175,000.00 in conformance with 23 O.S.Supp.1986, § 9.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH INSTRUCTIONS.

HUNTER, J., concurs.

JONES, Judge concurring in result:

The utilization of analysis applicable to 85 O.S.1981, § 5 in this action under 38 O.S.Supp.1987, § 35 is unnecessary in this case and contrary to the precepts discussed in *Hinson v. Cameron,* 742 P.2d 549 (Okla. 1987) at p. 553.