David Samuel **CALVERT**, Appellee,

v.

**J.B. HUNT TRANSPORT, INC.**, Appellant.

No. 78,989.

Court of Appeals of Oklahoma, Division No. 3.

May 4, 1993.

Certiorari Denied July 7, 1993.

Jerry V. Beavin, Steve A. Weeks, Oklahoma City, for appellant.

Leslie Williams, Jerry L. Breathwit, Oklahoma City, for appellee.

## OPINION

HANSEN, Chief Judge:

In this action for damages for retaliatory discharge under the Workers' Compensation Act, 85 O.S.1991 §§ 5-7, a jury awarded Plaintiff $10,000.00 in actual and $30,000.00 in punitive damages. The trial court overruled Defendant's motion for new trial and its motion to modify the judgment as to punitive damages and entered judgment accordingly. Defendant appeals to this Court.

■ Defendant on appeal asks us to overrule a decision by this division of the Court of Appeals, *Wise v. Johnson Controls, Inc.,* 784 P.2d 86. (Okla.App.1989). We decline to do so. Defendant complains that the trial court erred in instructing the jury it could award more in punitive damages than in actual damages. They argue the general damage statute, 23 O.S.1991 § 9 which limits punitive damages to the amount of actual damages, should control over § 6 of the Workers Compensation Act which allows a jury to award $100,00.00 in punitive damages.

■ Workers' Compensation laws are to be liberally construed. *Zaragosa v. Oneok, Inc.,* 700 P.2d 662 (Okla.App.1984). In *Wise,* this Court emphasized the long standing rule of statutory construction that where there are two statutory provisions, one of which is special and clearly includes the matter in controversy and prescribes something different from the general statute, the special statute and not the general statute applies. Thus, the special punitive damage limitations in the Workers' Compensation Act apply rather than the general limitation of § 9.

■ Defendant also argues the trial court should have modified the punitive damage award down from $30,000.00. A punitive damage award of $30,000.00 for retaliatory discharge is not in and of itself excessive. A punitive damage claim rests peculiarly within the province of the jury, and it will not be casually interfered with on appeal where it is claimed to have been actuated by passion or prejudice. *Mantha v. Liquid Carbonic Industries,* 839 P.2d 200 (Okla.App.1992). Defendant does not point to any evidence the award was generated by passion or prejudice so that the decision of the amount to award Plaintiff should be taken away from the jury. We do not find the punitive damage award to be excessive.

Defendant's only other complaint on appeal deals with the admission of testimony. It claims the trial court erred in allowing testimony regarding the authenticity of exhibits depicting computer entries of telephone conversations with Plaintiff. Even though the witness's statements might be considered to have been couched in tentative terms, Defendant had ample opportunity to cross-examine and attack the credibility of the testimony. As stated in *King v. Haliburton Co.*, 813 P.2d 1055 (Okla.App.1991), we do not believe the actions complained of denied Defendant a fair trial or that the trial court abused its discretion in denying the motion for new trial. A trial court has great latitude concerning the practical conduct of a trial and an appellate court will not reverse unless a clearly erroneous conclusion or judgment is made.

In addition, Defendant in its motion for new trial suggests Plaintiff fraudulently denied he had been issued a traffic citation while working for Defendant. However, Defendant had evidence of the citation on which it could have impeached Plaintiff during the trial. In its motion for new trial, Defendant presented no additional evidence that Plaintiff's testimony was fraudulent. We find no prejudice in the denial of Defendant's motion for new trial. It is for the jury to decide the credibility of the witnesses and the effect and weight to be given conflicting or inconsistent testimony. Where there is any competent evidence reasonably tending to support the verdict of the jury, the court on appeal will not disturb the verdict and judgment based thereon. *King v. Haliburton Co., supra* at page 1057.

TRIAL COURT AFFIRMED.

HUNTER, J., concurs.

BAILEY, P.J., dissents.