Hugh A. WILSON, Jeffrey L. Duncan, and Donald J. Diamond, Appellants/Cross-Appellees,

v.

HESS-SWEITZER & BRANT, INC., a corporation, Appellee/Cross-Appellant.

No. 75506.

Supreme Court of Oklahoma.

Dec. 7, 1993.

Robert B. Smith, Law Offices of Robert B. Smith, Oklahoma City, for appellants/cross-appellees.

James A. Jennings, III, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for appellee/cross-appellant.

HARGRAVE, Justice.

■ Two issues are presented: 1) Whether the limitation on punitive damages in 23 O.S.Supp.1986 § 9 applies to awards of punitive damages in retaliatory discharge cases under 85 O.S.Supp.1986 § 6, and 2) Whether the trial judge erred in instructing the jury on "constructive" discharge in a retaliatory discharge case brought under 85 O.S.1981 § 5. We answer the first question in the affirmative and the second question in the negative. Plaintiffs sued defendant alleging that they were employees of defendant, that they were subpoenaed to testify in a wrongful discharge lawsuit under the Workers' Compensation Act involving a co-employee against the defendant, and that, as a result of their proposed testimony, plaintiffs were discharged by the defendant. Plaintiffs sought actual and punitive damages.

Plaintiffs' claims are based upon 85 O.S. 1981 §§ 5, 6. Title 85 O.S.1981 § 5 [1] provides:

"No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim ... instituted or caused to be instituted, in good faith, any proceeding under the provisions of Title 85 of the Oklahoma Statutes, *or has testified or is about to testify in any such proceeding ...*" (emphasis added).

Plaintiffs' punitive damages claims are based upon Title 85 O.S. § 6:

"... [A] person, firm, partnership or corporation who violates any provision of Section 5 of this title shall be liable for reasonable damages, actual and punitive, if applicable, suffered by an employee as a result of the violation.... Exemplary or punitive damage awards made pursuant to this section shall not exceed $100,000.00. The burden of proof shall be on the employee."

A jury trial was held in which plaintiffs' testimony was that their working hours were reduced or stopped as a result of their testimony to be given in the wrongful discharge case filed by their co-employee. Defendant's testimony was that plaintiffs were not discharged, that they left voluntarily, and that the lack of or reduction of work was due to winter weather and the availability of work under the contract with Tinker Air Force Base.

The trial judge instructed on punitive damages according to 85 O.S. § 6, and on retaliatory discharge according to 85 O.S. § 5. He further instructed on constructive discharge as being encompassed within the term discharge, over defendant's objec-

---

**1.** Section 5 was amended by Laws 1992, c. 294 § 3, eff. September 1, 1992.

tions. The jury returned a verdict in favor of the plaintiffs for actual and punitive damages as follows:

| PLAINTIFF | ACTUAL | PUNITIVE |
|---|---|---|
| Hugh A. Wilson | $3,744.00 | $50,000.00 |
| Jeffrey L. Duncan | 880.00 | 50,000.00 |
| Donald J. Diamond | 880.00 | 50,000.00 |

Defendant moved for a new trial, judgment NOV and remittitur of punitive damages. In support of its motion for remittitur, the defendant argued that the punitive damages were contrary to law because punitive damage awards may not exceed actual damages unless a special finding has been made by the court and that none had been made in this case. The trial judge had instructed the jury on punitive damages pursuant to 85 O.S. § 6. The defendant argued that the trial court erred in not following 23 O.S. § 9, which provides that in order for the jury to award punitive damages in excess of actual damages, the trial judge must make a special finding as to defendant's conduct, based on clear and convincing evidence. The trial judge overruled the motion for new trial and judgment NOV, but granted remittitur of punitive damages to equal the amount of actual damages awarded to each plaintiff, recognizing that 23 O.S.Supp.1986 § 9 applied. In the Journal Entry of Judgment, the trial judge noted that 23 O.S. § 9 requires a special finding by the trial judge before punitive damages may exceed actual damages and that no special finding was made and that none was justified by the evidence in the case, and stated that the verdict as to punitive damages was excessive and clearly the result of passion, prejudice and partiality.

Title 23 O.S.Supp.1986 § 9 provides:

"A. In any action for breach of an obligation not arising from contract, where the defendant has been guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, the jury, in addition to actual damages, may give damages for the sake of example, and by way of punishing the defendant, in an amount not exceeding the amount of actual damages awarded. Provided however, if at the conclusion of the evidence and prior to submission of the case to the jury, the court shall find, on the record and out of the presence of the jury, that there is clear and convincing evidence that the defendant is guilty of conduct evincing a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed, then the jury may give damages for the sake of example and by way of punishing the defendant, and the percentage limitation on such damages set forth in this section shall not apply."

Plaintiffs appealed, alleging that the trial court erred in reducing the punitive damages to equal the amount of actual damages because 85 O.S. § 6 is clearly a special statute providing for punitive damages in retaliatory discharge cases under the Workers' Compensation Act and that 23 O.S. § 9 does not apply, citing *Wise v. Johnson Controls, Inc.*, 784 P.2d 86 (Okla. App.1989).

■ Two judges of the Court of Appeals held in *Wise* that 85 O.S. § 6 is a special statute, to be applied to the exclusion of 23 O.S. § 9. We reject that application and overrule the *Wise* case. Both 85 O.S. § 6 and 23 O.S. § 9 were amended by the legislature effective November 1, 1986. Title 85 O.S. § 6 prior to amendment did not mention punitive damages. Prior to the amendment, we held, in *Webb v. Dayton Tire & Rubber Co.*, 697 P.2d 519 (Okla. 1985), that authority of the district court to restrain retaliatory dismissal of employees in violation of the Workers' Compensation Act was sufficiently broad to include assessing of punitive damages, under appropriate circumstances, as provided by 23 O.S. § 9. Likewise, the Court of Appeals held, in *Hicks v. Tulsa Dynaspan, Inc.*, 695 P.2d 17 (Okla.App.1985), that punitive damages were recoverable in retaliatory discharge cases if the plaintiff pleads and proves that the facts fall within 23 O.S. § 9, in addition to proving retaliation.

■ We find nothing in the language of 85 O.S. § 6 permitting punitive damages to be recovered that indicates that the 23 O.S. § 9 provisions would not apply. Title 85 O.S. § 6, as amended, says "... reasonable

damages, actual and punitive, *if applicable ...*" (emphasis added). Section 6 of Title 85 does not define the conduct on the part of the defendant that would warrant imposing punitive damages. Section 9 of Title 23, which applies to any action for breach of an obligation not arising from contract, specifies that the conduct by the defendant must evince a wanton or reckless disregard for the rights of another, oppression, fraud or malice, actual or presumed. Under § 9, in order for punitive damages to exceed the amount of actual damages, the trial judge must make a specific finding as to the defendant's conduct. Section 6 of Title 85 permits the awarding of punitive damages pursuant to that section, if applicable, but not to exceed $100,000.00. We interpret § 6 of Title 85 as imposing a cap of $100,-000.00 on punitive damages in retaliatory discharge cases brought pursuant to Title 85. We find no conflict in the two provisions. The trial judge correctly granted remittitur by recognizing the application of 23 O.S. § 9.

In *Slocum v. Phillips Petroleum Co.,* 678 P.2d 716, 719 (Okla.1983), we said that to entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some elements of fraud, malice or oppression. Exemplary damages are allowed after the trier of fact determines the guilt of the transgressor of acts not tolerated by society. In that case, where the owner had recovered actual damages which were not an issue on appeal, we said that the only question concerning damages was whether there was competent evidence to submit the issue of exemplary damages to the jury.

■ Under 23 O.S. § 9 as amended, the trial court must make two determinations based on the evidence before instructing on exemplary damages in excess of actual damages. First, the trial judge must determine whether there is competent evidence on which to submit the question of exemplary damages. Second, the trial judge must determine whether there is clear and convincing evidence that defendant is guilty of conduct evincing a wanton or reckless disregard for the rights of anoth-er, oppression, fraud or malice, actual or presumed, that would warrant a special finding by the judge as to the defendant's conduct that would allow the jury to award punitive damages in excess of an amount equal to actual damages. The standard of review by this Court in reviewing the first determination will be whether there was competent evidence to support the trial court's decision. *Slocum v. Phillips Petroleum Co., supra.* The standard of review by this Court in reviewing the second determination will be whether there was clear and convincing evidence to support the trial judge's special finding. *See, Graham v. Keuchel,* 847 P.2d 342, 363 (Okla. 1993).

■ In the case at bar, the trial court instructed the jury that if they first found actual damages, and if they further found that the acts of defendant complained of were done wantonly, oppressively, or maliciously, then they might award punitive damages in an amount deemed warranted by the evidence, but in no event greater than $100,000.00, believing that 85 O.S. § 6 alone applied. Subsequently, on application of the defendant, the trial judge granted remittitur, recognizing his obligation to apply 23 O.S.Supp.1986 § 9. The trial judge, in his order, reduced the amount of punitive damages to equal the actual damages awarded and stated that no special finding as to defendant's conduct had been made by the court and that none was warranted by the evidence. We have reviewed the evidence, and find that the trial court was correct in its determination that the evidence did not support or warrant a special finding as to defendant's conduct. We find that the trial judge, in his order of remittitur, correctly applied the law.

The second issue before us is whether the trial court erred in giving a "constructive discharge" instruction to the jury. The trial judge instructed on retaliatory discharge according to 85 O.S. § 5. The trial judge instructed at length on retaliatory discharge in its Instruction No. 10. The trial judge's Instruction No. 9 was:

"Discharge is termination of employment of a person. Encompassed within this

definition is constructive discharge. Constructive discharge occurs when an employer deliberately makes or allows the employee's working conditions to become so intolerable that the employee has no choice but to quit. A finding of constructive discharge must additionally be justified by the existence of aggravating factors. The Plaintiffs own views of the intolerableness of their working conditions is not sufficient to prove a constructive discharge. The test is whether a reasonable person would view the working conditions as intolerable and would feel compelled to resign."

Defendant cross-appealed, arguing that the trial court erred in instructing the jury on constructive discharge, in light of our decision in *Large v. Acme Engineering, Inc.*, 790 P.2d 1086 (Okla.1990). The *Large* case was decided April 17, 1990. The trial in the case at bar commenced March 21, 1990.

In *Large*, the employment was not terminated. After the workers' compensation settlement was approved, employer required employee to be examined by a new doctor, who determined that employee was physically unable to perform any of his previous duties and that his continued employment as a machinist constituted a health hazard, not only to himself, but also to others. The employer, under the collective bargaining agreement, transferred the employee to other duties not covered by collective bargaining agreement at a lower pay with no fringe benefits. Employee refused the transfer and filed a grievance through the union representatives. The employer issued a second transfer order transferring the employee to a job at no change in pay or loss of benefits. Employee again filed a union grievance and commenced an action in district court, alleging retaliatory "constructive" discharge. Employer filed a motion to dismiss for failure to state a claim or in the alternative for a motion for summary judgment. The trial court sustained the motion for summary judgment, finding that the employee had not been discharged within the meaning of 85 O.S.1981 § 5 and that employee's remedies, if any, were subject to collective bargaining agreement procedures and were therefore preempted by federal law. We affirmed the grant of summary judgment, stating that the trial court was not presented with facts showing a cessation of employment. The basis for our holding was that the employee failed to make a prima facie showing of constructive discharge, much less a retaliatory one.

The plaintiffs in the case at bar alleged in their petition that they were discharged by the defendant as a result of their proposed testimony in a wrongful discharge lawsuit involving a co-employee against the defendant. The pretrial conference order sets out plaintiffs' claims that they were wrongfully discharged by the defendant. The defendant's issues were whether plaintiffs were terminated and, if terminated, whether they suffered actual damages as a result. Defendant contends that on the morning of trial, two of the defendants changed their claims to "constructive" discharge.

Defendant is a painting contractor that was under contract with Tinker Air Force Base. Plaintiffs Diamond and Duncan were painters and plaintiff Wilson was a foreman/quality control officer. Plaintiffs' testimony was introduced to show that their work was cut-off by defendant as a result of their upcoming testimony against the defendant and that because they were not given work they were forced to look elsewhere. Defendant's testimony was offered to show that plaintiffs left voluntarily, that the reduction in or lack of work hours for plaintiffs was due to job availability on the Tinker project and due to weather conditions. Plaintiffs offered evidence that other painters were hired during the period. As to plaintiff Duncan, the testimony was in conflict as to whether he quit or was fired; as to plaintiff Diamond the testimony was disputed whether he was not given work during the month of December as a result of his pending testimony or whether there was a lack of work available and that, after working again for some periods in January and February, and again not being given work, he quit to take another job; as to plaintiff Wilson, his tes-

timony was that he had been relieved of previous duties and that work was not given to him, except in isolated instances, after mid-December 1988, and there was testimony that he could have performed outside painting work but chose not to do so because of the extremely cold temperature. Plaintiffs had alleged that retaliation began in October, 1988 and continued until they left, in January and February, 1989. Defendant offered evidence that work hours for plaintiffs were not substantially less in October and November, 1988. The jury found for the plaintiffs in the amounts set out above.

We find that the trial court did not err in giving an instruction on constructive discharge, because in the case at bar, the employment of the plaintiffs was terminated, unlike the situation in *Large*. The question for the jury was *who* terminated the employment and the reasons therefor. Whether the plaintiffs' employment was terminated by the employer and, if so, whether it was in retaliation for their upcoming testimony, were questions of fact for the jury. A plaintiff must make a *prima facie* case of retaliatory discharge by providing evidence that shows that filing of a claim (or, in this instance, that plaintiffs were about to testify in a proceeding under Title 85) was a significant factor in the employee's termination from employment. *Elzey v. Forrest*, 739 P.2d 999 (Okla.1987). *See also, Wallace v. Halliburton Co.*, 850 P.2d 1056, 2059 (Okla. 1993).

We have examined the evidence and find that plaintiffs made a prima facie showing, whereupon the burden shifted to the defendant. *Elzey v. Forrest, supra.* Even though the evidence was controverted by the employer, it was for the jury to decide what weight the evidence would be afforded. *Wallace, supra*, at 1060. The jury found for the plaintiffs, for rather modest sums in actual damages, and awarded punitive damages of $50,000.00 each. We decline to overturn the jury's verdict as to actual damages, but we affirm the trial court's remittitur of punitive damages to equal the amount of actual dam-

ages awarded to each plaintiff and overrule *Wise v. Johnson Controls, Inc.*, 784 P.2d 86 (Okla.App.1989).

**AFFIRMED.**

HODGES, C.J., LAVENDER, V.C.J., and SIMMS, OPALA, ALMA WILSON, SUMMERS and WATT, JJ., concur.