21 F.3d 1120
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Franklin BROWN, Petitioner-Appellant,
v.
Duane SHILLINGER, Warden, Wyoming State Penitentiary;
Attorney General of the State of Wyoming,
Respondents-Appellees.
 No. 93-8109.
 United States Court of Appeals,
Tenth Circuit.
 April 25, 1994.
 
 ORDER AND JUDGMENTS[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Brown, a state inmate and pro se litigant, appeals the denial of habeas relief. We review the district court's order de novo and affirm.
 
 
 3
 Mr. Brown was convicted in the State of Wyoming of five counts of second degree sexual assault and two counts of indecent liberties with a minor. Mr. Brown was sentenced to life on each of the five counts of sexual assault and nine to ten years on each count of indecent liberties. Three of the life sentences were to be served consecutively.
 
 
 4
 Mr. Brown appealed to the Wyoming Supreme Court asserting five errors: (1) improper admission of Rule 404(b) conduct; (2) variance between bill of particulars and indictment; (3) instructional error; (4) insufficient evidence; and (5) cumulative error. The Wyoming Supreme Court reversed his conviction on one count of sexual assault but affirmed his conviction on the remaining six counts.
 
 
 5
 Mr. Brown unsuccessfully pursued post conviction relief in the state courts. Mr. Brown then filed his federal habeas and the district court summarized the petition as follows:
 
 
 6
 Petitioner then brought this petition for a writ of habeas corpus under 28 U.S.C. 2254, asserting essentially the same claims he raised in his state court petition for postconviction relief. The first five issues raised in this petition allege the same errors that were alleged in his direct appeal to the Wyoming Supreme Court.* The remaining allegations of error were not raised on direct appeal, but were raised in the petition for postconviction relief filed in the state district court.** These allegations are as follows: (6) that he was denied effective assistance of appellate counsel; (7) that he was denied effective assistance of trial counsel; (8) that he was denied his right to testify and to have witnesses testify on his behalf; (9) that the prosecution withheld favorable evidence and used inadmissible evidence to convict him; (10) that an inadmissible confession was used to convict him; (11) that he was denied his right to be present and to defend in person; (12) that he was denied the right to assist or consult in his defense both at trial and on appeal; and (13) that he received an excessive, illegal and unconstitutional sentence.
 
 
 7
 The district court, in a thorough and well reasoned decision concluded (1) Mr. Brown failed to show any federally protected right was violated concerning the issues appealed to the Wyoming Supreme Court, and (2) the "new" claims were procedurally barred and Mr. Brown failed to show "cause and prejudice" or a "fundamental miscarriage of justice."
 
 
 8
 Mr. Brown appeals this decision asserting (1) he demonstrated both "cause and prejudice" and a fundamental miscarriage of justice; (2) his receipt of an illegal and unconstitutional sentence cannot be procedurally barred; (3) he failed to receive effective assistance of counsel before trial, during trial and on direct appeal; (4) he was "denied a fair trial, an effective appeal, and access to state courts"; and (5) he was denied a full and fair hearing in the United States District Court.
 
 
 9
 The allegations relating to the issues appealed to the Wyoming Supreme Court deserve little comment. A federal court does not sit in review of a state court and does not consider errors in state law. A federal court only has the power to remedy a violation of a federal right. A review of the Wyoming Supreme Court's decision on Mr. Brown's direct appeal reveals that decision was grounded solely on state law. See Brown v. State, 817 P.2d 429 (Wyo.1991).
 
 
 10
 Mr. Brown's claims of ineffective assistance of counsel lack merit. In order to succeed on a claim of ineffective assistance of counsel, Mr. Brown must show (1) the performance of his attorney was so deficient that "counsel was not functioning as the counsel' guaranteed the defendant by the Sixth Amendment," Strickland v. Washington, 466 U.S. 668, 687 (1984), and (2) without such deficiencies the result of the case would have been favorable to Mr. Brown, id. at 694. Assuming, arguendo, that Mr. Brown's counsel was ineffective, Mr. Brown has failed to meet his burden in showing that had counsel been effective the trial result would have been favorable to Mr. Brown.
 
 
 11
 The remaining new claims, i.e., the claims not raised by Mr. Brown on direct appeal, may not be reached by the federal courts. To now raise these claims, he must show cause for failing to raise these claims and show prejudice. Mr. Brown has failed to show either.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 *
 Here petitioner is not claiming that the jury should have been instructed that a unanimous verdict was required as he did on direct appeal
 
 
 **
 These allegations are therefore exhausted and are therefore properly before this Court