**Filed 5/31/96**

JAMES FRANKLIN BROWN,

                          Appellant,

v.

JAMES FERGUSON, individually,
and in his official capacity as State
Penitentiary Warden, Wyoming
Department of Corrections; WYOMING
ATTORNEY GENERAL,

                          Appellees.

No. 95-8071
(D.C.Wyoming)
(D.C. No. 95-CV-175)

## ORDER ON REHEARING

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

The petitioner James Brown has filed a petition for rehearing with a suggestion for rehearing in banc. After due consideration of the arguments set out in the petition, the panel has determined that rehearing is not necessary. Accordingly, the petition for rehearing is hereby denied. Furthermore, as no judge who is in regular, active service in this circuit has called for a poll, the suggestion for rehearing in banc is likewise denied.

Nevertheless, the panel has determined to withdraw the Order and Judgment originally filed on April 29, 1996. Upon review, the panel has concluded that Brown's claims are procedurally barred and that his theory of actual innocence is unavailable under binding Tenth Circuit precedent. A new Order and Judgement reflecting the panel's decision is filed with this Order.

It is hereby ordered that the petition for rehearing is **DENIED**, the suggestion for rehearing in banc is **DENIED**, and the Order and Judgment filed on April 29, 1996, is **WITHDRAWN**. The Order and Judgment accompanying this Order shall be filed by the Clerk of the Court.

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JAMES FRANKLIN BROWN,

Appellant,

v.

JAMES FERGUSON, individually,
and in his official capacity as State
Penitentiary Warden, Wyoming
Department of Corrections; WYOMING
ATTORNEY GENERAL,

Appellees.

No. 95-8071
(D.C.Wyoming)
(D.C. No. 95-CV-175)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **BARRETT**, **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

James Brown, a state inmate and pro se litigant, appeals the denial of habeas relief. We review the district court's order de novo and affirm.

Brown was convicted in the State of Wyoming of five counts of second degree sexual assault and two counts of indecent liberties with a minor. Brown was sentenced to life on each of the five counts of sexual assault and a minimum term of nine years and a maximum term of ten years for each count of indecent liberties. Three of the life sentences were to be served consecutively.

Brown appealed to the Wyoming Supreme Court asserting five errors: (1) improper admission of Rule 404(b) conduct; (2) variance between the bill of particulars and the indictment; (3) instructional error; (4) insufficient evidence; and (5) cumulative error. The Wyoming Supreme Court reversed one of his convictions for sexual assault but affirmed the remaining four counts of sexual assault and the two counts of indecent liberties with a minor.

After Brown unsuccessfully pursued post conviction relief in the Wyoming courts, he filed a federal habeas corpus petition. In that petition, Brown asserted the same issues that he had asserted on direct appeal and also raised eight additional issues that he had failed to raise on direct appeal. Included among those eight issues was a claim that he had received an excessive, illegal, and unconstitutional sentence. The district court dismissed the petition, concluding as follows: (1) Brown had failed to show any federally protected right was violated concerning the issues appealed to the Wyoming Supreme

Court; and (2) the new claims, including the claim that his sentence was excessive and illegal, were procedurally barred because Brown had not raised them on direct appeal and had not demonstrated "cause and prejudice" or a "fundamental miscarriage of justice." This court affirmed on appeal for substantially those reasons identified by the district court. *Brown v. Shillinger*, No. 93-8109, 1994 WL 145993 (10th Cir. 1994).

After filing several additional state petitions, Brown filed the instant petition. In the current petition, Brown focuses on the claim that his sentence was illegal, excessive, and in violation of the Equal Protection and Due Process Clauses. According to Brown, the sentencing court erred in sentencing him to straight life terms rather than to a maximum and minimum terms as is required by Wyoming law. *See* Wyo. Code Ann. § 7-13-201 (1995). Because he was purportedly not sentenced in conformity with Wyoming law, Brown claimed that he was "actually innocent" of the life sentences and that his claims were not, therefore, procedurally barred. The district court dismissed the current petition as legally frivolous, stating that Brown was procedurally barred from raising the sentencing/constitutional claims because he had not raised them on direct appeal. The district court went on to address Brown's claim that he was not procedurally barred because he was actually innocent of the sentence imposed. According to the district court, even if it assumed that Brown was sentenced in error, that error was "not the type of error that amounts to 'actual innocence' of the sentence, and it is not constitutionally actionable."

3

We conclude that the district court did not err when it dismissed Brown's petition. Brown failed to raise, in his direct appeal, the issue that his sentence was not in conformity with Wyoming law and in violation of the Due Process and Equal Protection Clauses. *See Brown v. Shillinger*, No. 93-8109, 1994 WL 145993, at \*2 (10th Cir. 1994) (holding that Brown had waived, in an earlier habeas petition, the exact issue presented here because he failed to raise the issue on direct appeal to the Wyoming Supreme Court); *Brown v. State*, 894 P.2d 597, 598 (Wyo. 1995) (noting that Brown's claim of illegal/unconstitutional sentence is procedurally barred under Wyoming law).[1] Accordingly, Brown is procedurally barred from raising the issue unless he can demonstrate either "cause and prejudice" or a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This Brown cannot do.

Brown attempts to meet his burden under *Coleman* by asserting that he need not show prejudice because he is actually innocent of the life sentences. Under Tenth Circuit precedent, however, "[a] person cannot be actually innocent of a noncaptal sentence." *United States v. Richardson*, 5 F.3d 1369, 1371 (10th Cir. 1993); *see also Sones v. Hargett*, 61 F.2d 410, 419 n.19 (5th Cir. 1995) (noting circuit split on question of whether actual innocence standard can be extended to non-capital sentencing procedures and

---

[1]Brown repeatedly argues that *Wyoming courts* have misinterpreted *Wyoming law* in holding that the claims he wishes to assert here are procedurally barred. In response, we simply note that "it is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

noting that no such claim is available in the Tenth Circuit.).  Because the sentences at issue are not capital in nature, a claim that Brown is actually innocent of the sentences does not lie.  Because Brown's asserted avenue for overcoming the procedural bar is unavailing, we hold that the district court did not err in dismissing his petition.

The judgment of the United States District Court for the District of Wyoming is **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge