UNITED STATES COURT OF APPEALS
**Filed 7/26/96**
FOR THE TENTH CIRCUIT

BRYAN DOZIER,

      Plaintiff-Appellant,

v.

WOLVERINE TUBE INC.,

      Defendant-Appellee.

No. 95-6390
(D.C. No. CIV-94-1952-R)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before PORFILIO, BRIGHT,[**] and KELLY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Plaintiff appeals the district court's grant of summary judgment on his claims of retaliatory discharge and discriminatory employment practice in violation of the public policy of the State of Oklahoma. The district court held that plaintiff failed to show he had been discharged. We disagree and reverse.

The parties are familiar with the facts of this case, and we will not repeat them here. In summary, however, and construed in favor of plaintiff, the following facts have either been established or are genuinely disputed: plaintiff was injured while working for defendant in September 1992; he returned to work after back surgery and a period of physical therapy and resumed his job without incident; upon learning that plaintiff had hired an attorney to assist him with his Workers' Compensation claim and that a doctor had rated him as having a forty-four percent permanent partial impairment to the whole body, defendant placed plaintiff on indefinite unpaid suspension; plaintiff understood it to be the company's responsibility to obtain clarification of his medical status, but no clarification was ever forthcoming; during a discussion with defendant's personnel manager, plaintiff was informed that the company did not like it when attorneys got involved in the Workers' Compensation process and that plaintiff better not "get caught in the middle;" plaintiff had been referred by defendant's attorney for vocational rehabilitation, an action that is taken, among other instances, after an employee is determined to be "unable to perform the same

occupational duties he was performing prior to the injury," Okla. Stat. Ann. tit. 85, § 16(A); plaintiff's attorney told plaintiff that defendant would not allow him back to work; defendant's attorney did not object to plaintiff's attorney's letter stating that vocational rehabilitation was needed because defendant had refused to allow him back to work, and plaintiff knew that he would have to resign in order to get his retirement benefits. The district court concluded that, because plaintiff had submitted a statement to defendant reciting that he was voluntarily resigning, he could not show that he had been discharged, thus dooming his claims.[1]

---

[1]     In reaching this result, the district court relied on Lenz v. Dewey, 64 F.3d 547 (10th Cir. 1995), and Parker v. Board of Regents, 981 F.2d 1159 (10th Cir. 1992). Lenz and Parker, however, involved actions brought under 42 U.S.C. § 1983, alleging deprivation of property interests in employment without due process. In Parker, this court held that if the plaintiff had

> resigned of her own free will, even though doing so due to actions of defendants, she voluntarily relinquished her property interest and was not deprived of her property interest without due process. If, however, her resignation was so involuntary it amounted to a constructive discharge, defendants did deprive her of her property interest without due process.

981 F.2d at 1162 (citations omitted); see also Lenz, 64 F.3d at 552 ("offering an employee a choice between resignation and termination does not violate an employee's due process of law, as long as the resignation is 'voluntary'").

This line of analysis makes sense in due process cases where the issue is whether the plaintiff received the process to which he was due. An employee in this situation has an alternative to resignation: he can refuse to resign and thus trigger the firing process which will presumably be accompanied by certain procedural safeguards. If such safeguards (i.e., due process) are denied, plaintiff
                                                                (continued...)

Plaintiff does not suggest that he was actually discharged. He does argue, however, that the circumstances of his departure from defendant's employ constitute constructive discharge. In Oklahoma, proof of constructive discharge can, in some cases, support a claim of retaliatory discharge. Wilson v. Hess-Sweitzer & Brant, Inc., 864 P.2d 1279, 1282-84 (Okla. 1993).

> Constructive discharge occurs when an employer deliberately makes or allows the employee's working conditions to become so intolerable that the employee has no choice but to quit. A finding of constructive discharge must additionally be justified by the existence of aggravating factors. The Plaintiffs (sic) own views of the intolerableness of their working conditions is (sic) not sufficient to prove a constructive discharge. The test is whether a reasonable person would view the working conditions as intolerable and would feel compelled to resign.

Id. at 1283 (approving quoted jury instruction). If an employee can show that he was faced with a choice of resigning or being fired, he can prove a constructive discharge. Burks v. Oklahoma Publishing Co., 81 F.3d 975, 978 (10th Cir. 1996);

---

[1](...continued)
may have a due process claim. If someone resigns from employment voluntarily, he is waiving his right to whatever process would have been forthcoming had he stuck it out.

The crux of the issue facing the district court, however, was whether plaintiff's resignation was voluntary. Even the Lenz/Parker line of cases recognizes that some resignations may be "so involuntary [they may] amount[] to a constructive discharge." Parker, 981 F.2d at 1162. As discussed later, however, under certain circumstances, an employee faced with a choice between resigning and being fired may be able to demonstrate constructive discharge.

-4-

Acrey v. American Sheep Indus. Ass'n, 981 F.2d 1569, 1573-74 (10th Cir. 1992); Spulak v. K Mart Corp., 894 F.2d 1150, 1154 (10th Cir. 1990). Whether an employee's job was terminated by the employer and whether that termination was retaliatory are questions for the jury. Wilson, 864 P.2d at 1284.

Given evidence that defendant informed plaintiff's attorney that plaintiff would not be allowed to return to work and that defendant's attorney implicitly agreed that plaintiff would not be allowed back on the job, we conclude that plaintiff has marshaled enough disputed issues of material fact to withstand a motion for summary judgment on the issue of whether "a reasonable person would view the working conditions as intolerable and would feel compelled to resign," Wilson, 864 P.2d at 1283 (quoting jury instruction); see Spulak, 894 F.2d at 1154 (holding that employee who faced choice between retiring and being fired demonstrated constructive discharge).[2]

Appellee's request for costs and fees on appeal is denied. The judgment of the United States District Court for the Western District of Oklahoma is

---

[2]     As an aside, we note that should plaintiff ultimately prevail on the merits, the vested retirement monies paid to him upon his departure from defendant's employ may have to be repaid to defendant's retirement plan.

REVERSED, and this case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Myron H. Bright
Senior Circuit Judge