**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENGTH CIRCUIT

RALPH H. GRIMES,

    Plaintiff - Appellee and Cross-
    Appellant,

vs.

JANESVILLE PRODUCTS, A
SUBSIDIARY OF JASON
INCORPORATED,

    Defendant - Appellant and Cross-
    Appellee.

Nos. 95-6439, 95-6460 and 96-6002
(D.C. No. CIV-95-152-M)
(W.D. Okla.)

ORDER AND JUDGMENT*

Before KELLY, McWILLIAMS, and BRISCOE, Circuit Judges.**

    Defendant Janesville Products appeals from a judgment against it, following a jury

trial, on Plaintiff Ralph Grimes's claim that Janesville Products violated Oklahoma law

by terminating him because of his absence from work due to a temporary total disability.

---

    * This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. This court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

    ** After examining the briefs and the appellate record, this three-judge panel has
determined unanimously that oral argument would not be of material assistance in the
determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is
therefore ordered submitted without oral argument.

Janesville Products argues that the district court improperly interpreted the applicable state law, and erred both in allowing the jury to decide whether Mr. Grimes was entitled to front pay and in denying its motion for judgment as a matter of law. Mr. Grimes cross-appeals, arguing that the district court erred in refusing to instruct the jury on punitive damages. Our jurisdiction in this diversity case arises under 28 U.S.C. § 1291.

## I. Interpretation of Section 5 of the Oklahoma Workers' Compensation Act

Janesville Products first argues that the district court erred in interpreting section 5 of the Oklahoma Workers' Compensation Act. Okla. Stat. Ann. tit. 85 (West 1992 & Supp. 1997). Specifically, Janesville Products argues that section 5.B. of the Act relieves it of liability for terminating Mr. Grimes because of his extended absence from work caused by a work-related injury.

On the morning of trial, the district court ruled that Mr. Grimes was entitled to summary judgment on liability on his claim under section 5.A.2. of the Act, which prohibits employers from "discharg[ing] an employee during a period of temporary total disability solely on the basis of absence from work." Okla. Stat. Ann. tit. 85, § 5.A.2. (West Supp. 1997). Janesville Products acknowledges that it "released [Mr. Grimes] from active employment" because of his extended absence pursuant to a company policy which limited leaves of absence to six months, regardless of the reason for the leave. At

the time Mr. Grimes's employment was terminated, he had not yet been released from his physician's care nor authorized to return to work.

Janesville Products argues that the district court erred in refusing to hold that it was entitled to discharge Mr. Grimes without liability under section 5, relying upon section 5.B., which states: "No employer shall be required to rehire or retain any employee who is determined physically unable to perform his assigned duties." Okla. Stat. Ann. tit. 85, § 5.B. (West Supp. 1997).

We review de novo the district court's interpretation of state law. Salve Regina College v. Russell, 499 U.S. 225, 231 (1991); Patton v. TIC United Corp., 77 F.3d 1235, 1240 (10th Cir.), cert. denied, 116 S. Ct. 2525 (1996). Although we would be bound by any interpretations given to the statute by the state's highest court, Wagner v. Case Corp., 33 F.3d 1253, 1256 (10th Cir. 1994), the Supreme Court of Oklahoma has not interpreted section 5 since its revision in 1992.[1] Thus, we must determine how the Supreme Court of

---

[1] As amended, the relevant portions of the statute state:

§ 5. Discharge of employee—Prohibited grounds

A.     1.     No person, firm, partnership or corporation may discharge any employee because the employee has in good faith filed a claim, or has retained a lawyer to represent him in said claim, instituted or caused to be instituted, in good faith, any proceeding under the provisions of this title, or has testified or is about to testify in any such proceeding.

            2.     No person, firm, partnership or corporation may discharge an employee during a period of temporary total disability solely

Oklahoma would interpret the statute "if faced with the same facts and issue." Phillips v.

State Farm Mut. Auto. Ins. Co., 73 F.3d 1535, 1537 (10th Cir. 1996) (quotation omitted).

It is a well accepted rule of statutory interpretation that the provisions of a statute

should not be interpreted in a manner that renders one part of the statute inoperative.

Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana, 472 U.S. 237, 249 (1985)

(quoting Colautti v. Franklin, 439 U.S. 379, 392 (1979)). Janesville Products would have

us interpret section 5.B. of the Act to permit employers to terminate employees who are

temporarily totally disabled, and therefore unable during the period of that disability to

perform their assigned duties. If faced with this question, we believe that the Supreme

Court of Oklahoma would not adopt such an interpretation, which would nullify section

5.A.2. Instead, we believe that court would find, in cases involving employees who

become temporarily totally disabled as a result of a work-related injury, that section 5.B.

becomes operative only after the period of temporary total disability has ended. In other

words, when an employee's period of temporary total disability ends, that employee is

either physically able to return to work, or the disability has become permanent. Only in

---

on the basis of absence from work.

B.    No employer shall be required to rehire or retain any employee who
is determined physically unable to perform his assigned duties. The
failure of an employer to rehire or retain any such employee shall in
no manner be deemed a violation of this section.

Okla. Stat. Ann tit. 85, § 5 (West Supp. 1997). Section 5.A.2. was added when the statute
was amended in 1992.

- 4 -

the latter case does section 5.B. permit an employer to discharge the employee without liability.

After his on-the-job injury on July 18, 1992, Mr. Grimes was deemed by his physicians to be temporarily totally disabled. It is undisputed that his extended absence was due to his injury. As of February 1, 1993, the date Mr. Grimes was discharged, his disability status had not changed. We therefore hold that, by discharging Mr. Grimes while he was temporarily totally disabled, Janesville Products violated section 5.A.2.

Janesville Products also argues that the district court erred in failing to certify the questions regarding the interpretation of section 5 to the Supreme Court of Oklahoma. Because the decision to certify is a matter left to the discretion of the trial court, Lehman Bros. v. Schein, 416 U.S. 386, 391 (1974); Allstate Ins. Co. v. Brown, 920 F.2d 664, 667 (10th Cir. 1990), we find no error in the district court's denial of Janesville Products' motion for certification.

Janesville Products next argues that the district court erred in refusing to permit introduction of evidence suggesting that Mr. Grimes's Workers' Compensation claim had not been filed in good faith. Although Mr. Grimes alleged in his complaint that Janesville Products had violated both sections 5.A.1. and 5.A.2., after the district court granted summary judgment on liability on the section 5.A.2. claim, Mr. Grimes abandoned his section 5.A.1. claim. Section 5.A.2 does not require good faith on the part of the plaintiff. Janesville Products does not contend Mr. Grimes's bad faith, rather than his absence, was

the reason for his discharge. Thus the district court correctly decided evidence of Mr. Grimes's good or bad faith was irrelevant.

Given our holding that Janesville Products violated section 5.A.2., we need not address Mr. Grimes's contention, which he raises on cross-appeal, that the fact that Janesville Products terminated Mr. Grimes pursuant to a company policy is irrelevant to the question of liability.

## II.  Award of Front Pay

Janesville Products argues that the district court erred in submitting the question of whether Mr. Grimes was entitled to reinstatement or front pay to the jury because such remedies are equitable matters not proper for a jury. Janesville Products relies upon two Supreme Court cases addressing federal claims brought under Title VII, and notes that Oklahoma has adopted the meanings found in federal anti-discrimination law regarding front pay and back pay.

Absent a statutory direction, monetary damages are characteristic of actions at law and not of those in equity. While awards of front pay in federal anti-discrimination claims under Title VII and the Age Discrimination in Employment Act (ADEA) have been held to be equitable relief outside the province of the jury, Denison v. Swaco Geolograph Co., 941 F.2d 1416, 1425-27 (10th Cir. 1991) (ADEA);  Carter v. Sedgwick County, Kan., 929 F.2d 1501, 1505 (10th Cir. 1991) (Title VII), the characterization of

that relief as equitable instead of legal stems from the statutes creating the causes of action. 42 U.S.C. § 2000e-5(g) ("the court may . . . order such affirmative action as may be appropriate . . . or any other equitable relief"); 29 U.S.C. § 626(c)(1) ("Any person aggrieved may bring a civil action . . . for such legal or equitable relief as will effectuate the purposes of this chapter"). Janesville Products is correct in its argument that Oklahoma has adopted federal anti-discrimination law's interpretation of the term front pay, however, Janesville Products fails to recognize that Oklahoma's adoption of that characterization is limited to the context of state anti-discrimination claims. Okla. Stat. Ann tit. 25, § 1101 (West Supp. 1997) (providing for execution within the state of the policies embodied in Title VII, the ADEA, and other federal anti-discrimination statutes). Mr. Grimes's wrongful termination claim was brought under the Oklahoma Workers' Compensation Act, not its anti-discrimination statutes. Absent a statutory directive, <u>see</u> Okla. Stat. Ann. tit. 85, § 6 (West 1992) (specifying the remedies available for violations of section 5), we decline to depart from the traditional classification of monetary damages as legal relief, and hold that the district court did not err in submitting the question of front pay to the jury.

Janesville Products also argues that reinstatement—and not front pay—was the appropriate remedy because Mr. Grimes had not proven that hostility in the workplace made reinstatement impossible. Mr. Grimes testified that he felt that he would be mistreated if he returned to Janesville Products, and that he received from them the

impression that they did not want him to reapply. Since evidence in the record supports the jury's conclusion that reinstatement was not practical given the hostility toward Mr. Grimes, we find no error in the award of front pay.

### III. Denial of Motion for Judgment as a Matter of Law

Last, Janesville Products argues that the district court erred in denying its motion for judgment as a matter of law under Fed. R. Civ. P. 50. We review such a decision de novo, applying the same standard applied by the district court. Thus, we will find error "only if the evidence points but one way and is susceptible to no reasonable inferences supporting the party for whom the jury found; we must construe the evidence and inferences most favorably to the nonmoving party." Ensminger v. Terminix Int'l Co., 102 F.3d 1571, 1573 (10th Cir. 1996) (quotation omitted); see Fed. R. Civ. P. 50.

Janesville Products asserts two bases for error in the denial of its motion for judgment as a matter of law. First, Janesville Products asserts that the evidence it offered to show that Mr. Grimes never recovered from his injuries and thus was unavailable for work was unrebutted. Contrary to this assertion, we find evidence in the record from which the jury could have reasonably inferred that Mr. Grimes was fit for duty. On November 23, 1993, Mr. Grimes saw a physician who concluded that Mr. Grimes's "period of temporary total disability has long since ended and he may return to

employment." Thus, we find no error in the district court's denial of Janesville Products' motion for judgment as a matter of law on this basis.

Janesville Products' second basis for error in the denial of its motion for judgment as a matter of law involves its assertion that Mr. Grimes failed to make reasonable efforts to mitigate his damages. Mr. Grimes testified that, after he was well enough, he looked for construction work in several cities and sought odd jobs by going from house to house and town to town, requesting work. He did secure several jobs in this manner. Mr. Grimes admitted under cross-examination that he had not filled out any job applications, reapplied at Janesville Products, or consulted with employment agencies. Since the jury could have reasonably inferred that Mr. Grimes appropriately mitigated his damages, however, we find no error in the district court's denial of Janesville Products' motion for judgment as a matter of law on this basis.

## IV. Denial of an Instruction on Punitive Damages

As cross-appellant, Mr. Grimes argues that the district court erred in failing to submit the question of punitive damages to the jury. We review the district court's decision on whether to give a particular jury instruction for an abuse of discretion. Allen v. Minnstar, Inc., 97 F.3d 1365, 1368 (10th Cir. 1996).

In making this argument, Mr. Grimes relies largely upon decisions of the Court of Appeals of Oklahoma in retaliatory discharge suits, which hold that the jury must be

instructed on punitive damages if there is sufficient evidence of liability for actual damages. E.g., Williams v. ABS Enterprises, Inc., 734 P.2d 854 (Okla. Ct. App. 1987). The Supreme Court of Oklahoma appears, however, to have rejected that conclusion. In Wallace v. Halliburton Co., 850 P.2d 1056 (Okla. 1993), that court stated: "An employee must offer evidence to warrant an instruction on punitive damages. The fact the employee was discharged in retaliation for filing a workers' compensation claim is not enough." Id. at 1060; see Wilson v. Hess-Sweitzer & Brant, Inc., 864 P.2d 1279, 1282 (Okla. 1993).

Although the damages claim tried to the jury in this case was for termination because of absence caused by a temporary total disability under section 5.A.2. and not for retaliatory discharge under section 5.A.1., the Oklahoma Workers' Compensation Act permits an award of punitive damages in an appropriate case. Okla. Stat. Ann. tit. 85, § 6 (West 1992) (an employer who violates any provision of the Act "shall be liable for reasonable damages, actual and punitive *if applicable*") (emphasis added). The record before us is devoid of evidence suggesting that Janesville Products' conduct in terminating Mr. Grimes was motivated by the animus necessary to support an instruction on punitive damages. Wilson, 864 P.2d at 1282 (proof of fraud, malice, or oppression required to recover punitive damages).

We are not persuaded that the evidence cited by Mr. Grimes commands an instruction on punitive damages. Mr. Grimes argues that a Janesville Products memo

- 10 -

directing its supervisors to insure the validity of all Workers' Compensation claims before approving them shows malice; however, employers are entirely within their rights to investigate the facts before agreeing to liability. So too was Janesville Products within its rights to inquire of applicants about past Workers' Compensation claims. Okla. Stat. Ann. tit. 85, § 110 (West 1992). Mr. Grimes also asserts that other employees were terminated by Janesville Products while they were temporarily totally disabled; the record does not, however, include information showing whether the terminations in fact occurred, when they occurred, and whether the sole reason for them was the employees' absences because of temporary total disabilities. The statutory provision which makes such terminations unlawful became effective in September 1992, only a few months before Mr. Grimes was terminated. Mr. Grimes also alleges that testimony of other employees of Janesville Products regarding their supervisors' attitudes toward Worker's Compensation claims supports the argument that an instruction on punitive damages was warranted. The transcript of that testimony, however, is not contained in the appendix. As appellant, Mr. Grimes bears the burden of providing us with an appropriate appendix; failure to provide a complete appendix prevents us from considering these claimed abuses. King v. Unocal Corp., 58 F.3d 586, 587-88 (10th Cir. 1995); Fed. R. App. P. 30; 10th Cir. R. 10.1. We find no abuse of discretion by the district court in its decision not to instruct the jury on punitive damages.

AFFIRMED.  Janesville Products's motion to certify questions of law to the

Oklahoma Supreme Court is denied.  The mandate shall issue forthwith.


Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge